INT. & G. N. R'Y CO. ET AL. v. MARY ORMOND.

(Case No. 1704.)

1. RECEIVER — JUDGMENT.— As to the validity of a judgment against a railway company in the hands of a receiver, see the case of Ryan v. Hays, *supra*.

2. CHARGE OF THE COURT.— See statement of the case for a portion of the charge of the court held to be upon the weight of evidence, and prejudicial in its character.

3. SAME — CHARGE AS TO DAMAGES.— The following charge upon the measure of damages is declared to be too broad: "In doing this (inquiring into the amount of damage), you will take into consideration the age, health, strength of the deceased, his usual earnings, and length of time he would probably live, and give such damages as you see proper, not exceeding $20,000."

APPEAL from Anderson. Tried below before the Hon. Jas. J. Perkins.

This case was reported in 60 Tex., 180 *et seq.*

Mary Ormond, for the benefit of herself and minor son, brought this suit against the I. & G. N. R'y Co. and R. S. Hays, who was its receiver by appointment of the United States circuit court, to recover damages for the death of her husband, James Ormond. His death is alleged to have been caused by the negligence of the servants of the receiver, Hays, while a passenger on the train of the railway company.

The appellant, R. S. Hays, as receiver, pleaded in defense:

1st. That at the time the injury was inflicted he was acting as receiver, and had since accounted and been discharged, and had no longer any of the property in his custody or control.

2d. That at the time of the injury James Ormond was not a passenger, but was acting in the capacity of a fellow-servant with those who caused his death, if any one caused it.

3d. That James Ormond accidentally fell against the engine and tender, and such accidental falling caused his death, and that it was a misadventure or accident.

Also:

1st. That it was not bound to account for the death, because at the time it occurred the engine and servants and road were under the exclusive control and management of R. S. Hays, as receiver, by appointment of the United States circuit court, and the company was enjoined from interfering with him.

The case was tried by a jury, who rendered the following verdict, upon which a judgment was entered: "We, the jury, find that at the time the injuries were inflicted, that R. S. Hays was the receiver of International & Great Northern Railroad, and that he has since delivered said railroad to the International & Great Northern Railroad Company, and has been discharged; and we find damages in favor of Mary Ormond in the sum of $6,500, and in favor of John Ormond in the sum of $6,500."

The following charge was assigned as error: "In the application of the foregoing rules (meaning those given showing liability) to the evidence before you, you are instructed that you may consider, *in addition to the evidence of the facts and circumstances attending and immediately preceding the killing, also,* any evidence which may be before you in relation to any contract which may have been made by deceased with an agent of defendants, authorized to make such contract, to stop the train and put off deceased and his family and baggage at the section-house, a quarter of a mile west from Jacksonville, and the compliance or failure to comply with

such contract by defendants' agents; *and also* in relation to the acts of defendants' agents and servants in charge of and operating the train in stopping the train on the main track at the depot at Jacksonville; *and* running or backing the engine and tender on the sidetrack between said train and station-house; *and* the mode used and means provided by said agents of defendants for the unloading and depositing of deceased's baggage, bedding, furniture, etc., from the box-car in which it was transported to the station-house platform."

*John Young Gooch*, for appellants, cited, as to the charge of the court on weight of evidence: R. S., art. 1317; Sayles' Practice, sec. 649; Ormond v. Hayes, 60 Tex., 180.

As to charge on measure of damages: March v. Walker, 48 Tex., 375; H. & T. C. R. R. Co. v. Cowser, 57 Tex., 303; R. R. Co. v. Le Gierse, 51 Tex., 204; 2 Thomp. on Neg., 1289, sec. 30; Pierce on R. R., 393.

As to validity of the judgment and liability of appellants thereon: Ryan v. Hayes, Receiver, *et al.*, vol. 4, No. 2, Tex. Law Rev., July 15, 1884, p. 17; Pierce on Railroads, 285; Rogers v. M. & O. R. R. Co., 12 Am. & Eng. Railroad Cases.

*Word & Glenn*, for appellee, cited: R. R. Co. v. Kindred, 57 Tex., 502; R. R. Co. v. Le Gierse, 51 Tex., 204; R. R. Co. v. Randall, 50 Tex., 262, as to charge of the court. As to receivership question: Montgomery v. Culton, 18 Tex., 736; Wallis v. Beauchamp, 15 Tex., 304; Davis v. Duncan, United States Circuit Court, S. D. Miss., March, 1884, in Central Law Journal, March 28, 1884; Omarra v. Hallbrook, 5 Am. Repts., 633; Kline v. Jewett, 11 C. E. Green, 574; Jordan v. Wells, 3 Woods, 527; Kindey v. Indianapolis R. R. Co., 11 Cent. L. J., 89; Wood's Master and Servant, 789 and notes; Am. L. Reg., vol. 21, 749.

WEST, ASSOCIATE JUSTICE.— This suit was before this court on a former appeal.   Ormond v. Hayes, 60 Tex., 180.

It was then reversed and remanded, and a new trial had in the district court.

Since this last trial was had, being the one now under consideration, this court has had occasion to pass upon several of the questions that were raised in this case.

These matters were much considered in the case of Ryan *v.* Hays *et al.*, decided at the Austin term, 1884 (*ante*, p. 42).

The rules were there laid down as to the liability of the receiver

to the railroad corporation, in cases like the one now under consideration.

Under that decision we deem it proper and just that the judgment here rendered should be reversed, and the cause remanded for a new trial in accordance with the views expressed and the rules there laid down.

It may also be proper to remark, in view of a new trial, that the second error assigned, bringing in question the correctness of the part of the charge of the court there set forth, appears to be not without merit.

We are of the opinion that, under the facts and circumstances of this case, that it perhaps was calculated to give, in some degree, undue prominence to certain facts developed by the evidence, and which were therein referred to and called specially to the attention of the jury.

There is also believed to be some merit in the sixth assignment of error.

It did not by its terms confine the jury with sufficient clearness and certainty to the actual proof adduced on the trial, in arriving at the amount of their verdict. It, we are inclined to think, gave them rather too much latitude in their inquiries as to the amount of damages they should assess.

The verdict in its form is also somewhat objectionable. It cannot be said to be either a special or a general verdict. The judgment also recited many facts that were not found by the verdict, though proved on the trial.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.