## I. & G. N. R'y Co. v. Mary Ormond.

(Case No. 1850.)

1. DAMAGES — NEGLIGENCE.— A passenger on a railway train, after alighting from the car which conveyed him to his point of destination, went forward to the baggage car after he had reached the platform, and, while engaged in assisting the employees of the road in getting out his baggage, was fatally injured by the moving of the train. In a suit for damages brought by the widow, for herself and her infant son, *held:*

    (1) Whether the deceased had a receipt, bill of lading, or check for his goods, which rendered it unnecessary for him to go to the baggage car after he had been safely delivered at his destination, and whether it was *proper*, under all the circumstances of the case, for him to enter the car containing his effects, and see in person to their being unloaded, it was the province of the jury to determine.

    (2) What he should have done was what a prudent man would have done in the same situation; and what was done, and what should have been done, were both questions for the jury. Citing T. & P. R'y Co. *v.* Murphy, 46 Tex., 356.

2. NEGLIGENCE.— When one is injured by an act of negligence, that act proximately contributes to the injury, when without it the injury would not have been inflicted.

3. SAME — CHARGE OF COURT.— See statement of case for a charge of the court which omits the use of technical language in defining the circumstances under which the negligence of the deceased would have prevented a recovery if it was the proximate cause of the injury inflicted.

4. SAME — NEGLIGENCE.— When one by accident or misadventure falls upon a railway track, without fault on his part, and is then, through the negligence of the company's agents who manage the train, injured, the negligence of the company is not excused.

5. VERDICT — DAMAGES.— The keeper of a railroad section house, whose usual earnings had been from fifty-five to one hundred dollars a month, was killed by the negligent conduct of the servants of a railway company in running one of its trains. In an action by the widow and child, for damages resulting, *held:*

    (1) That no standard by which to estimate damages for negligently killing a man can be fixed by reference to what he was earning when he died. The additional experience and skill which he might acquire in some of the years of life of which he was deprived would increase his wages and create an element of uncertainty in fixing any arithmetical standard.

    (2) In the absence of any standard, since the size of the verdict did not show any evidence of passion or prejudice, the verdict for $12,000 could not be pronounced clearly excessive.

APPEAL from Anderson. Tried below before the Hon. F. A. Williams.

The conflicting testimony, and its amount, contained in the lengthy record in this cause, preclude anything but a very general statement of it.

The suit was brought by Mary Ormond, for the benefit of herself

and her infant son, John Ormond, against the International & Great Northern Railroad Company, and R. S. Hayes, who was receiver therefor, to recover damages for the death of James Ormond, husband of Mary and father of John Ormond. His death was alleged to have been proximately caused by the negligence of the servants of the receiver, while decedent was a passenger on a train of the defendants. That the receiver transferred to his co-defendant, and it (the International & Great Northern Railroad Company) received and was possessed of funds, liable to the payment of any judgment that might be obtained against it, sufficient to satisfy the same. It was agreed that if the receiver was liable, the railroad company was bound to pay the judgment.

R. S. Hayes, as receiver, pleaded in defense:

1st. That, at the time the injury was inflicted, he was acting as receiver, and had since accounted and has been discharged, and has no longer any of the property in his custody or control.

. 2d. That, at the time of the injury, James Ormond was not a passenger, but was acting in the capacity of a fellow-servant with those who caused his death, if any one caused it.

3d. That James Ormond accidentally fell against the engine and tender, and such accidental falling caused his death, and that it was a misadventure or accident.

The International & Great Northern Railroad Company adopted the plea of R. S. Hayes and both defendants pleaded not guilty.

Verdict and judgment for Mary Ormond for herself and child for $12,000 against the International & Great Northern Railroad Company only.

The evidence showed that the deceased, Ormond, was on the appellant's train by advice, and with a pass from one Cronin, a roadmaster under the receiver, Hayes, and under an agreement with Cronin to have him, his wife, infant child and nurse, with baggage and furniture, put off at a section house near Jacksonville; that they were carried beyond their destination, and put out near the Jacksonville depot late on the evening of an inclement day, the 26th December, 1878, when the weather was cold and the ground covered with sleet and ice; that Mrs. Ormond was lame and walked with difficulty; that Cronin agreed to deliver the freight at the section house, which was not done.

There was evidence tending to show that, at the time of the injury, the engine was managed by a fireman, and running through the streets of a town without signals or sound of danger; that deceased had no check, or bill of lading, for his baggage; that after

reaching the place where he must leave the train, he entered the baggage car to look after his baggage, to identify and supervise its safe delivery; that the car was not on the track where it should have been, and was run too fast without the bell being rung or other danger signal given; that, under these circumstances, the deceased fell or was pushed from the car door when looking after his baggage, and was run over and killed by the tender and engine being backed rapidly by the fireman.

The evidence showed that the plaintiff and child were wholly dependent on the deceased for the means of support, and that he was a healthy and industrious man, who earned from fifty-five to one hundred dollars a month.

The court, among other things, charged the jury as follows:

"If Ormond, his wife and child, were received upon one of the trains under the control of the receiver or his servants, to be carried to some point, then they were passengers, and would continue such at least until they had been carried to their point of destination. and had safely alighted from the train upon which they had been carried, and in addition to such length of time, if their baggage had been received on such train for carriage to the same place, and no receipt, bill of lading, check or other like evidence had been delivered to him for it; and if it was for this reason proper, under the circumstances, for him to go to the car where such baggage was stored for the purpose of identifying and claiming his property and receiving it from the employees on the train, then he had the right to do so subject to rules hereinafter given as to the effect of any negligence of which he himself may have been guilty. And he would continue to occupy to the receiver the relation of passenger, so long as he did nothing more than just indicated, and to aid and assist the servants in identifying and removing his own baggage from the car to the platform.

"But if there were no such facts as just explained to continue the relations, he and his family would cease to be passengers when they had arrived at the point of their destination and had safely alighted from the cars. And if Ormond, after he had safely alighted from the train with his family, without the existence of any such facts as are above supposed to render it necessary or proper for him to do so, went into a box car to aid and assist the men there employed in getting out his goods, without the existence of any necessity or propriety therefor, and while so assisting was killed, then he made himself a fellow-servant for the time being with the conductor, engineer and fireman on the train; and if, under such circumstances,

he was killed through the negligence of some or all of them, no recovery could be had therefor."

The court, in the charge as to what sort of negligence would proximately contribute to the death, gave the following: "If a negligent act or omission of his (Ormond's) so far contributed directly and naturally to his death as that but for it *he would not have been killed*, then defendant (the railroad company) would be entitled to your verdict, though there had been negligence on the part of the servants of the receiver." And refused appellant the fourth special charge requested on this subject. The fourth special charge requested was as follows: "Gentlemen: If you find that the negligence of the employees, *in part*, proximately contributed to cause Mr. Ormond's injury and death, *and* that the negligence of said Mr. Ormond *also* proximately contributed thereto, then the plaintiff cannot recover in this suit."

*J. Y. Gooch*, for appellant, on the refusal of the court to give the charge asked as to the effect of deceased's proximately contributing to his own death, cited: G., H. & S. A. R'y Co. *v.* Bracken, 59 Tex., 73; I. & G. N. R. R. Co. *v.* Graves, 59 Tex., 331; H. & T. C. R. Co. *v.* Richards, 59 Tex., 373; R. R. Co. *v.* Le Gierse, 51 Tex., 189; R. R. Co. *v.* Randall, 50 Tex., 254; R. R. Co. *v.* Gorbett, 49 Tex., 573; R. R. Co. *v.* Aspell, 23 Pa. St., 147; Shearman & Red. on Neg., sec. 25; Wood on Master and Servant, p. 638; Field on Damages, sec. 24; Pierce on Railroads, p. 298.

That the verdict was excessive, he cited: H. & T. C. R. R. Co. *v.* Cowser, 57 Tex., 293; March *v.* Walker, 48 Tex., 375; H. & T. C. R. R. Co. *v.* Ford, 53 Tex., 369.

That the court erred in not instructing the jury under what circumstances the deceased might enter the baggage car, he cited: R. S., art. 1307; R. R. Co. *v.* Le Gierse, 51 Tex., 204; Thompson's Carriers of Passengers, p. 534, sec. 22.

*Marsh Glenn* and *J. J. Word*, for appellee, cited: Railroad Co. *v.* Gorbett, 49 Tex., 573; Railroad Co. *v.* Randall, 50 Tex., 260; Wharton's Negligence, note 3 (last part), sec. 300; id., secs. 116–127; Thompson on Negligence, pp. 1084–5; Railroad Co. *v.* Parker, 50 Tex., 330; Brandon *v.* Manufacturing Co., 51 Tex., 121; Railroad Co. *v.* Miller, 51 Tex., 270; R. S., arts. 2909, 4332; Railroad Co. *v.* Murphy, 46 Tex., 357; 4 Am. L. Rep., 381; Wood's M. & S., p. 885, note 2; Field, Dam., 177; 54 Tex., 621; 61 Tex., 150; Railroad Co. *v.* Kindred, 57 Tex., 491.

ROBERTSON, ASSOCIATE JUSTICE.—Whether James Ormond, after he had alighted from the car, in which he, his wife, child and nurse had been transported from Palestine to Jacksonville, was guilty of any negligence in going forward to the box-car containing his household effects, is a mixed question of law and fact, and in the clear and well arranged charge of the court below was properly submitted to the jury. The jury were authorized under the testimony to conclude, as from the verdict they must have done, that Ormond had no receipt, bill of lading or check for his goods, and whether it was *proper*, under all the circumstances, for him to go to the car containing his effects and see in person that they were unloaded, it was the province of the jury to determine. What he should have done, under the circumstances, is what a prudent man would have done in the same situation; and what was done, and what should have been done, were both questions for the jury. T. & P. R'y Co. *v.* Murphy, 46 Tex., 356.

The authorities all agree that plaintiff could not recover if the negligence of James Ormond *proximately contributed* to his death. This expression does not convey to the unprofessional mind a sufficiently definite idea. The act of negligence proximately contributes to the injury when, without the act of negligence, the injury would not have been inflicted. Wood's Master and Servant, p. 638.

The court below did not err in the general charge, in submitting this issue, in eschewing the technical expression. The charge correctly lays down the rule in language intelligible to the jury.

As much of the special charge quoted in the fifth assignment of error as ought have been given was embraced in the general charge. The effect of the charge requested was, that if Jas. Ormond's fall, caused "by accident or misadventure," contributed to his death, the plaintiff could not recover. Without the fall the injury would not have occurred. But if he was not at fault in falling, the negligence effecting his death is not excused. This is the theory of the general charge and is correct.

The sixth, seventh and eighth assignments of error relate to the insufficiency of the evidence to sustain the verdict. The testimony is too voluminous to be discussed in much detail. It must suffice to say, that there is a conflict of testimony on every material point. Whether Jas. Ormond was drunk or sober, and whether he had a receipt, bill of lading or check for his goods, were questions pertinent in determining whether he was guilty of negligence in enter-ing the car from which he fell; whether the car containing his goods should have been on the main track or the switch; whether the

gang-plank should have been used in unloading; whether it was prudent to allow the fireman to run the engine back on the switch whilst the car on the main track was being unloaded; whether the engine was thus run too fast; whether the bell was rung or other proper signals given, were all questions upon which there was more or less conflict of testimony. The jury have solved these questions by a finding, the logical result of which is, that Jas. Ormond was properly in the car he fell from, and that the engine and truck, contact with one of which produced his death, were improperly there at all, or there without sufficient warning, or in too rapid motion. To sustain these conclusions there is neither such want of evidence nor such decided preponderance against them as will justify the reversal of the judgment on these assignments of error.

The appellant does not complain of the charge of the court below on the measure of damages, nor does the record disclose any influence exciting the jury to passion or prejudice. A former jury in the same case rendered a larger verdict and another judge refused to disturb it. R'y Co. v. Ormond, 62 Tex., 274. Taking into consideration the age, life, expectancy and earnings of the deceased at the date of his death, an easy calculation, such as that suggested by appellant's counsel, would yield a much smaller sum than that awarded by the verdict. But the additional experience and skill which may have been acquired in some of the years of life he was deprived of would increase his wages, and this element of uncertainty deprives us of the arithmetical standard suggested in appellant's brief. And in the absence of any standard, where the record or the very size of the verdict does not show passion or prejudice, we cannot determine that the verdict is clearly excessive.

Execution is properly awarded in favor of appellee for the whole amount of the judgment, but the court ought to have ordered that the sheriff should retain one-half of all moneys collected, outside of the costs, until a guardian of the estate of John Ormond, a minor, has qualified, and should pay over the sum retained to such guardian. The judgment of the court below will be reformed in this particular, and in all else it will be affirmed.

JUDGMENT REFORMED.

[Opinion delivered October 16, 1885.]