Galveston, Harrisburg & San Antonio Railway Company
v. A. Worthy et al.

No. 221.

1. **Injuries Causing Death—Measure of Damages—Charge.**

In action for damages brought by widow and children of one killed through negligence of a railway company, it was error to instruct the jury: "In case you find for plaintiffs, you may give them such damages as you may think proportional to the injury resulting to plaintiffs from the death; and you must state in your verdict how much damages each plaintiff is entitled to." The charge ignores the statutory rule which confines the right of recovery to actual damages, as well as the settled construction of the statute to the effect that the sum found must be a compensation for the pecuniary

injury sustained; besides, the jury is not by it confined to the evidence. The charge gives an erroneous rule, and is ground for reversal ........... 466

2. Same—Same—Society—Advice.

In such suit *loss of advice* by the deceased not having been alleged, and loss of society not being recoverable, it was error in the court to refuse the instruction asked by the defendant: "If the jury find for the plaintiffs, in estimating the amount of damages the jury are confined to the consideration of the money value of the life of the deceased to the plaintiffs, and the jury can not consider the loss of the society and the advice of the deceased to the plaintiffs." This limitation upon the charge as given by the court was proper, and the refusal erroneous.................................. 467

Error to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

The verdict and judgment in the trial court for damages were affirmed in the Court of Civil Appeals.

Among the matters complained of in the petition for writ of error is the following:

"4. The Court of Civil Appeals erred in not sustaining appellant's fourth assignment of error, viz., the court erred in giving to the jury the following clause in its charge: ' In case you find for plaintiffs, you may give them such damages as you may think proportioned to the injury resulting to plaintiffs from the death of H. C. Worthy;' and in refusing to give to the jury the special charge asked by defendant, which is as follows: 'If the jury find for plaintiffs, in estimating the amount of damages the jury are confined to a consideration of the money value of the life of the deceased, H. C. Worthy, to the plaintiffs, and the jury can not consider the loss of the society and advice of the deceased to the plaintiffs.' Because said clause of the court's charge does not give, and the court does not elsewhere in its charge give, the proper or any rule or measure of damages; but leaves the jury wholly uninstructed in regard thereto; and because said special charge properly defines the rule or measure of damages in this case."

*Upson & Bergstrom*, for plaintiff in error.—1. In suits for damages arising out of the death of a person, the court should in its general charge clearly define the damages which plaintiffs are entitled to recover, because the action is purely statutory, and therefore the jury should be instructed, that the limit of plaintiff's recovery is for the pecuniary loss sustained by the plaintiff by reason of such death, as distinguished from the pain and suffering of the deceased, or the mental suffering of the plaintiffs, or the loss of the society of the deceased. Rev. Stats., art. 2899; Railway v. Nixon, 52 Texas, 19; McGown v. Railway, 85 Texas, 289; Railway v. Le Gierse, 51 Texas, 203, 204; March v. Walker, 48 Texas, 375; Railway v. Cowser, 57

Texas, 300; Cummings v. Stephenson, 76 Texas, 642; Railway v. Curry, 64 Texas, 86; Railway v. Ormond, 62 Texas, 276.

2. In actions for damages sustained by reason of the death of a person, the court should charge specifically the measure of the plaintiffs' recovery, and limit the jury in fixing same to such pecuniary loss as they may find from the evidence that the plaintiffs have sustained by the death of such person; and under no circumstances ought the jury to be instructed to allow such damages as they may think that plaintiffs are entitled to recover.

3. When the charge of the court is erroneous, or does not sufficiently present the law of the case, if the party complaining thereof requested a charge correcting such error, or pointing out the deficiency therein, though such requested charge be not entirely correct, yet if it is sufficient to call the attention of the court to such defect in the court's charge or the error therein, it is the duty of the court to give a correct charge in regard thereto. Kirby v. Estill, 75 Texas, 484; Railway v. Underwood, 64 Texas, 467; Whitsett v. Miller, 1 Texas U. C., 211; Telegraph Co. v. Andrews, 78 Texas, 305; Railway v. Edwards, 78 Texas, 307.

4. In suits for damages arising out of the death of a person, it is the duty of the court to limit the plaintiffs' recovery to such damages as they may have sustained by reason of the death of such person, and particularly to charge the jury, that they can not allow any damages for the loss of the society and advice of the deceased, whether sued for or not, because proof of the death is proof of the loss of the society, and recovery therefor is not authorized by law.

*Thos. H. Franklin,* for defendants in error.—1. Assuming that this court granted the writ of error in this case upon the ground that the lower court erred in its charge to the jury complained of in the motion for rehearing filed by plaintiff in error in the lower court, I will discuss that question alone in this argument.

The statute under which this action was brought, Sayles' Civil Statutes, article 2909, is as follows:

"The jury may give such damages as they think proportioned to the injury resulting from such death. And the amount so recovered shall be divided among the persons entitled to the benefit of the action, or such of them as shall then be living, in such shares as the jury shall find by the verdict."

The trial court charged the jury as follows:

"In case you find for plaintiffs, you may give them such damages as you may think proportioned to the injury resulting to plaintiffs from the death of A. C. Worthy, and you must state in your verdict how much damages each plaintiff is entitled to."

The defendant requested the court to charge the jury as follows:

"If the jury find for plaintiffs, in estimating the amount of damages the jury are confined to the consideration of the money value of the life of the deceased, H. C. Worthy, to the plaintiffs, and the jury can not consider the loss of the society and the advice of the deceased to the plaintiffs."

The only damages claimed in plaintiffs' petition were pecuniary damages accruing out of the deprival of the plaintiffs of the support and maintenance of H. C. Worthy by the tortious act of the defendant in killing him.

The only evidence introduced to show the extent of the damages was upon the issue so made in the pleading, and only extended to show the value of the support and maintenance of which plaintiffs were deprived by the death of H. C. Worthy.

The undisputed evidence shows, that H. C. Worthy was killed while operating one of defendant's trains, and without any fault or negligence on his part, in a collision between said train and a freight car which had been allowed to escape from one of defendant's stations and run down upon its main line. The undisputed evidence shows that said freight car was "kicked" out of the yards at Schulenburg by the crew of another train, who were operating an entirely different train from Worthy's, and their train and Worthy's train had no connection with each other, and had not been nearer together than twenty miles on the day of the accident. It further shows, that defendant had time in which to notify Worthy of the presence of said freight car on the track, but neglected to do so.

The first question for consideration is, "Is it reversible error for the court to charge the law?" Under the statutes of this State the court can only charge the law, and can not comment upon the facts. It might be improper for the court to submit abstract propositions of law not bearing upon any issue in the case, but this would hardly be deemed reversible error, unless it submitted an issue to the jury not made by the pleadings; or if made by the pleadings, not supported by the facts. Then the error would consist not in stating the law, but in submitting to the jury an issue not in the case, and this would therefore be a misdirection. If the law is properly stated to the jury on an issue in the case, but all the law is not stated, then the charge can only be attacked because of its generality.

The question then becomes, "Is a charge erroneous because it is general in its terms?" If this be true, it must then follow as a sequence that a trial court must charge all the law applicable to the issues in the case, and that a failure to do so is reversible error.

The Court of Appeals of this State, in passing upon a charge in a murder case, wherein the statute on the subject of drunkenness was copied, held, that the court did not err in so charging the statute. If

not error to charge the statute in a criminal case, it should not be error to do so in a civil suit.

The right of plaintiffs to recover herein grows out of article 2899 of the Revised Statutes, which authorizes a recovery of actual damages for injuries resulting in death in certain cases. Article 2903 declares for whose benefit such action can be brought. Article 2909 directs how the damages may be assessed.

If it be error to give the last article in charge, clearly it must be error to give in charge the other two articles. The latter article declares that the jury may give such damages as they may think proportioned to the injury. Certainly the jury must have a right to do that which the statute declares they can do.

It is held by this court, in the case of Bailey v. Railway, 72 Texas, 624, that the statute does not require a district judge to charge the jury, unless requested by one of the parties.

It is held in the case of Railway v. Smith, 84 Texas, 348, that an assignment that a charge was general is not well taken, for if the charge correctly states the law as far as it goes, it can not be said to be erroneous.

In the case of Railway v. Dunlavy, 56 Texas, 258, it was held by the court, that a charge that the jury could find for the plaintiff such damages as from the evidence they believed the plaintiff had actually sustained, though general, was not erroneous.

See also Hocker v. Day, 80 Texas, 529; Railway v. Philips, 63 Texas, 593; Read v. Read, 11 Texas, 585; Boone v. Thompson, 17 Texas, 606; Chapman v. Sneed, 17 Texas, 438; Lagow v. Glover, 77 Texas, 448; Robertson v. Varnell, 16 Texas, 387; Linn v. Wright, 18 Texas, 340; Cushing v. Smith, 43 Texas, 267; Thompson v. Payne, 21 Texas, 625; Railway v. Delahunty, 53 Texas, 212; Dotson v. Moss, 58 Texas, 155; Texas L. Co. v. Williams, 51 Texas, 51; Fisk v. Holden, 17 Texas, 408; Cotton Press v. Bradley, 52 Texas, 589; Hays v. Hays, 66 Texas, 607.

2. It is contended that the requested charge corrects this error of omission. But when we analyze that charge we find that it does not undertake to define the damages, but directs the jury what it may not take into consideration in assessing such damages. According to the contention of plaintiff in error, therefore, if the two charges had been given together, they would have correctly submitted the case to the jury. If that had been done, the whole charge of the court upon the question of damages would then have been as follows:

"In case you find for plaintiffs, you may give them such damages as you may think proportioned to the injury resulting to plaintiffs from the death of H. C. Worthy, and you must state in your verdict how much damages each plaintiff is entitled to.

"If you find for plaintiffs, in estimating the amount of damages the jury are confined to the consideration of the money value of the life of

deceased, H. C. Worthy, to the plaintiffs, and the jury can not consider the loss of the society and advice of the deceased to the plaintiffs.''

Such a charge, taken as a whole, would have been erroneous, as it limits the jury to a consideration of the money value of the life of deceased to plaintiffs, thus conveying the impression that the jury should fix a money value on the life of the deceased, and excluding the idea that they could take into consideration the value of his care and maintenance claimed in the petition.

Mr. Tiffany, in his work on ''Death by Wrongful Act,'' says: ''The use of 'pecuniary' to designate the kind of loss for which recovery can be had, is misleading, for the damages are by no means confined to the loss of money, or of what could be estimated in money. As will be seen, damages are recoverable for the loss of services of husband, wife, and child; and also for the loss by a child of the care, education, and counsel which he might have received from his parent.'' Sec. 158.

Such a charge would have been erroneous also, because it instructs the jury that they can not consider, in estimating damages, loss of advice of the deceased to plaintiffs.

Advice of a parent has a money value, and damages for the loss of same are pecuniary damages. It is part of the service rendered by a father to his child and to his wife. The wife is entitled to the husband's advice, and under our law can not dispose of her separate real estate unless she be authorized so to do by her husband. She gets the benefit of his advice in such transactions first, and subsequently is examined by a sworn officer, separate and apart from her husband, in order that it may be known that she is acting upon such advice freely and independently.

The child has a legal right to call upon the parent for advice. The parent is guardian of the person of the child, and this relationship carries, as one of its duties, that the child shall be properly advised. If it be contended, however, that the value of advice was not specifically sued for and not covered by the general allegations of the loss of support and maintenance contained in plaintiffs' petition, then there was no issue before the jury as to the value of such advice, and it would have been error to instruct on an issue not made by the pleadings, even should it be contended that the testimony, that deceased was a kind and affectionate father and husband, could only relate to the value of advice, and was not relevant to the claim for damages for loss of support and maintenance. The evidence, however, that deceased was a kind and affectionate husband and father, was admissible for the purpose of showing the value of his support and maintenance, as support rendered by an affectionate husband and father is of more value than when rendered by one who is not possessed of that disposition.    *    *    *

BROWN, ASSOCIATE JUSTICE.—C. A. Worthy and her children sued the railroad company for damages on account of the death of their husband and father, which was admitted to have been caused by the negligence of the defendant's employes; but it was claimed that such employes so guilty of negligence were the fellow-servants of the deceased, who was also an employe of the same railroad company at the time he was killed. The deceased was an engineer upon a train of defendant, and at the time he was killed was running an engine attached to a freight train. When approaching a station his engine ran into a flat car which was upon the main track, through the negligence of those operating another train of defendant. Judgment was rendered against the defendant for $12,500, which was affirmed by the Court of Civil Appeals.

A number of objections are presented to the judgment which we do not deem it necessary to notice, as they were properly disposed of by the Court of Civil Appeals. One of the errors assigned in this court, however, demands examination, and requires the reversal of the judgment in this case.

The petition alleged, in substance, that H. C. Worthy, deceased, was an experienced railroad engineer, and at the time of his death was earning $175 per month, and capable of continually earning said sum; that he was 48 years of age, and at the time of his death the plaintiffs, his wife and children, were wholly dependent upon his labor for a support and maintenance. The evidence sustained the allegations of the petition.

The trial court gave to the jury the following instruction:

"In case you find for plaintiffs, you may give them such damages as you may think proportioned to the injury resulting to plaintiffs from the death of H. C. Worthy, and you must state in your verdict how much damages each plaintiff is entitled to."

While it has been held, that the statute directing the court to charge the jury is not mandatory, that is, that a failure to charge unless requested is not reversible error, it is nevertheless proper for the trial court in this character of cases to give to the jury instructions as to the proper measure of damages. Railway v. Le Gierse, 51 Texas, 203; Railway v. Nixon, 52 Texas, 19; Railway v. Ormond, 62 Texas, 274. It is well settled in this State, that under articles 2899 and 2909 of the Revised Statutes, the plaintiffs are entitled in this character of action to recover the *pecuniary* value of the life lost; in other words, the verdict should be for a sum that would compensate for the *pecuniary* injury sustained by reason of the death. March v. Walker, 48 Texas, 375. The charge in this case (quoted above) copies from one article of the statute, that the jury may assess such sum as they might *"think* proportioned to the injury,"* but ignores the other article, which confines the right of recovery to *actual* damages, as well as the settled con-

struction of the article, to the effect that the sum found must be a compensation for the pecuniary injury sustained. It does not announce the law of the case, but on the contrary, in effect informs the jury that the sum to be found is subject alone to their own determination, not even confining them to the evidence in the case. This is not a case in which the charge given is defective in omitting something which should have been included, but it is positively erroneous, because it announces a proposition that is not correct as matter of law.

It is said by the Court of Civil Appeals, in its opinion, that this court has, in Railway v. Smith, 84 Texas, 351, modified the cases of Railway v. Le Gierse, Railway v. Nixon, and Railway v. Ormond, cited above; but in that case the issue was as to the value of stock killed, and the court by its charge confined the jury to the sum shown by the evidence. It is a case very different in character from this, and there was no probability that a jury might consider anything other than the value of the stock; while in this, the very nature of the case, and the injury, would be calculated to lead a humane man, uninformed as to the law, to the consideration of those things which the law does not permit.

Counsel cite the case of Railway v. Hansom, 22 Southwestern Reporter, 764, as being an authority to sustain this charge; but in that case the court instructed the jury to find a sum that would be "a fair compensation" for the loss. The charge in this case does not give even the idea of compensation as a guide to the jury in determining the amount of their verdict.

Our court has gone to the extreme limit in sustaining charges somewhat similar to this, but there is no case in which a verdict has been sustained upon a charge so entirely without limitation upon the power of the jury as is this.

The error of the charge is made more apparent by the court's refusal to give the following charge, asked by the defendant's counsel:

"If the jury find for plaintiffs, in estimating the amount of damage the jury are confined to the consideration of the money value of the life of deceased, H. C. Worthy, to the plaintiffs, and the jury can not consider the loss of the society and the advice of the deceased to plaintiffs."

It is said that the charge asked and refused ought not to have been given, because it requested the court to charge the jury that plaintiff could not recover for loss of the "society" and "advice" of the deceased. It is admitted in the argument that society is not a proper subject to be considered by the jury, and it is claimed that there was no evidence as to advice and no issue as to either, and therefore the charge was properly refused. By law the plaintiffs could not recover for loss of the society of the father and husband, and under the pleadings of plaintiffs they could not recover for loss of advice and counsel. Under

the charge given by the court, if the jury *thought* that they were proper subjects for their consideration, they might have included either or both in determining the amount of their verdict. Under the circumstances, it was proper for the defendant's counsel to guard against an error into which the jury was liable to fall on account of the general character of the charge of the court, which could be done only by asking a special charge eliminating those matters not proper to be considered.

The charge asked and refused was correct with reference to this case, and the charge of the court without explanation or limitation was erroneous; and for the errors in giving the one and refusing the other, the judgments of the District Court and Court of Civil Appeals is reversed, and this cause is remanded to the District Court for trial in accordance herewith.

*Reversed and remanded.*

Delivered January 28, 1895.

JUSTICE DENMAN did not sit in this case.