A. PARRISS ET AL. v. H. A. JEWELL, NEXT FRIEND.

Decided October 20, November 17, 1909.

**1.—Contract—Consideration—Abandoning Contest of Will.**

The withdrawal by the daughter of her pending contest of the probate of the will of her mother leaving her property to her husband, was consideration for his contract to pay to the daughter a part of the proceeds of the property, a contemplated sale of which the probate of the will permitted him to consummate.

**2.—Parties—Death—Heirs—Pleading.**

On death of the plaintiff in an action surviving to heirs the latter could be made parties on suggestion of the death. (Rev. Stats., art. 1246). Such suggestion formed a part of the pleadings. It was not necessary for the heirs to file new pleadings. They could prosecute the action under the original petition, and, it seems could do so in the name of the deceased.

**3.—Husband and Wife—Homestead.**

The owner of land having bound himself by contract to pay a part of the consideration from its sale to heirs of his deceased wife, a second wife, who married him after such agreement, acquired no homestead rights in the property or proceeds as against the rights of the heirs of the first under such contract; neither did she incur any personal liability to the heirs, being no party to the contract.

**4.—Injunction—Perpetuation—Dissolution.**

On the claim of plaintiffs to the sum of $1,500 out of a much larger amount received by defendant on sale of land, a temporary injunction against the disposition of the fund by defendant should not have been made perpetual on final judgment. Provision should be made for its dissolution on payment by defendant of the sum to which plaintiffs were held entitled.

**5.—Minors—Judgment—Payment to Next Friend.**

A judgment in favor of minors suing by next friend should not be made payable to the latter without bond given by him as required by article 3498w, Revised Statutes; it was proper to make it payable to the sheriff, to be disbursed by him under direction of the court.

**6.—Appeal—Reformation of Judgment—Costs.**

Where the judgment appealed from is reformed and affirmed the appellees were liable for costs, and being minors it was proper to direct the payment of such costs out of the sum recovered by them.

ON REHEARING.

**7.—Contract—Statute of Frauds.**

A contract to pay to another a certain sum out of the proceeds of land to be sold is one for the payment of money, not for the sale of land, nor required to be in writing.

**8.—Appeal—Findings.**

Findings for appellant on certain special issues are immaterial where the findings on others in favor of appellee require a judgment in his favor.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

*Dowell & Dowell,* for appellants.

*Allen & Hart,* for appellees.

KEY, ASSOCIATE JUSTICE.—H. A. Jewell and his wife brought this suit against A. Parriss and his wife, Emily Parriss, and the Austin National Bank, seeking to recover $1,500, part of a designated fund, alleged to be in possession of the bank and claimed by Parriss and his wife.

Among other things, the plaintiffs alleged in their petition that the plaintiff Mrs. Grace Jewell was the daughter of A. Parriss and his

former wife, Caroline Parriss; that Caroline Parriss was dead; that she left property, consisting mainly of 100 acres of land, which was community estate between herself and A. Parriss; that prior to her death A. Parriss, by the exercise of undue influence amounting to duress, induced Caroline Parriss to make a will, by the terms of which the property referred to was devised to A. Parriss; that when the will was tendered for probate H. A. Jewell and his wife filed a protest, contesting the validity of the will on the grounds above stated: that thereafter a contract was entered into between the plaintiffs and the defendant A. Parriss to the effect that they, for a consideration of $1,500, would withdraw or abandon their contest and permit the will to be probated, thereby enabling A. Parriss to consummate a sale of the land which he had then negotiated; that the $1,500 was to be paid out of the proceeds of the contemplated sale of the land. The plaintiffs alleged performance of the contract on their part, sale of the land by A. Parriss, and refusal on his part to pay to the plaintiffs the $1,500 agreed upon.

The plaintiffs obtained a preliminary writ of injunction restraining the defendants from disposing of $2,438.05, the cash proceeds of the sale of the land deposited in the Austin National Bank, and also restraining them from collecting or disposing of certain notes given for the remainder of the purchase money of the land.

The record contains no answer for the bank. Parriss and his wife, the other two defendants, filed answers containing a general and numerous special exceptions, a general denial, and a special answer alleging that since the death of Caroline Parriss, A. Parriss and his co-defendant Emily Parriss were legally married, and that the land, the proceeds of the sale of which are here involved, was their homestead, and for that reason the plaintiffs ought not to recover.

Before the case was tried the plaintiff Mrs. Grace Jewell died, and her husband and co-plaintiff filed and presented to the court a written suggestion of her death, in which it was stated that she died intestate, leaving as her heirs Pet Jewell, Annie Jewell, Noble Jewell, Willie Jewell, Rosa Jewell, Ida Jewell and Robert Jewell, all being her minor children, and inherited the cause of action set up in plaintiff's petition. The document referred to alleged that H. A. Jewell was the father and next of kin of said minors, and prayed the court to allow him to prosecute the suit for and on their behalf. The court granted the prayer referred to and the case proceeded to trial without any other pleading being filed on behalf of said heirs.

The trial court submitted the case to the jury upon special issues, the answers to which were in favor of the plaintiffs, and upon which answers the court rendered judgment for H. A. Jewell as next friend of the minors referred to for $1,500, to constitute the joint property of said minors. The decree also perpetuated the injunction which had been previously granted, and made no provision for its dissolution upon a satisfaction of the plaintiff's judgment. The defendants A. Parriss and Emily Parriss have appealed, but the bank has not.

The case is submitted in this court on an elaborate brief and numerous assignments of error in behalf of appellants. It would extend this opinion beyond proper limits, and is not necessary, to discuss all the

assignments of error. We hold that the petition stated a cause of action, founded upon a breach of the contract between Mrs. Jewell and defendant A. Parriss, by which contract she was entitled to $1,500 of the proceeds of the sale of the land. The abandonment of her contest of the proceeding to probate her mother's will, as she agreed to do, was a sufficient consideration for the contract by which A. Parriss bound himself to deliver to her $1,500 of the proceeds of the sale.

We overrule the contention that Mrs. Jewell's children, or their father acting as next friend for them, should have been required to file another petition and set up their rights, as if they were original plaintiffs. It is provided by article 1246 of the Revised Statutes that when a plaintiff shall die before verdict, if the cause of action be one which survives, the suit shall not abate by reason of such death, but the executor or administrator or the heirs of such deceased plaintiff may appear, and upon suggestion of such death being entered of record, may be made plaintiffs in such suit. That course was pursued in this case, and we are of the opinion that, by force of the statute and the order of the court allowing the suit to be prosecuted by A. Jewell as next friend for the minor children, the latter, in legal effect, became the plaintiffs in the petition which had been filed and upon which the case was tried. We are also of the opinion that the written suggestion of death should be regarded as part of the pleadings to the extent of substituting the heirs for their deceased mother. Furthermore, as the minor plaintiffs derived all their rights from the original plaintiffs, acquiring all the interest of their mother by inheritance and all the interest of their father by his disclaimer and release made in open court and carried forward into the decree, it would seem that the minor plaintiffs had the right to prosecute the suit in the names of the original plaintiffs.

The contract by which Mrs. Jewell was to have part of the proceeds of the sale of the land was made before Mrs. Emily Parriss acquired any homestead right, and therefore the latter right was subordinate to the former and the plea of homestead was unavailing, and the assignments presenting that question are overruled.

We also overrule the assignments relating to the admission of testimony and those which complain of the giving and refusal of instructions. We also find that the verdict is supported by sufficient testimony, and overrule the assignments which charge otherwise.

We agree with counsel for appellants that Mrs. Parriss was not a party to the contract and was not personally liable to the plaintiffs.

We also sustain the contention that error was committed in rendering judgment perpetuating the injunction. It tied up and prevented the use of money and notes far in excess of $1,500, the sum awarded to the plaintiffs; and therefore the decree should have stipulated that when that sum, with interest thereon, and costs of the suit, were paid, the injunction should stand dissolved, and for that error the judgment must be reformed.

We note that the judgment does not properly protect the interest of the minors, in that it authorizes the money to be paid to H. A. Jewell, their next friend, without requiring him to give bond, as required by article 3498w of the Revised Statutes, and it will be cor-

rected in that respect. (International & G. N. R. Co. v. Ormond, 64 Texas, 485; Gulf, C. & S. F. Ry. Co. v. Styron, 66 Texas, 421; Texas & P. Ry. Co. v. Walker, 93 Texas, 611.)

It is ordered that the judgment be so reformed as to allow no personal judgment against Mrs. Parriss, and dissolving the injunction when the $1,500 and interest and costs of the court below adjudged to the plaintiffs have been paid. It is further ordered that the $1,500 and interest awarded to the plaintiffs shall be paid to the sheriff of Travis County, and shall be held by him until the District Court of Travis County in which this case was tried makes an order directing him to whom to pay the same, as required by the article of the statute last referred to. It is ordered that the costs of this appeal be taxed against appellees, the minor plaintiffs represented herein by their next friend, and that such costs constitute a charge, prior to all other claims, against the $1,500 awarded to said minors, and that the sheriff, when he collects said $1,500, pay the costs so charged against said minors without any further order from this or any other court.

*Reformed and affirmed.*

### OPINION ON MOTIONS.

Appellants' motion for rehearing has received due consideration, but we find no reason for changing the judgment heretofore rendered by this court. It is true that in our former opinion we omitted to state that appellants alleged that the contract sued on was one for the sale of land, and not being in writing was within the statute of frauds; but, as the contract was for the payment of money, and not for the sale of land, we did not deem it necessary to discuss that feature of the case.

There were some other immaterial matters omitted in the former opinion; and it is also true, as contended by appellants, that the answers of the jury to some of the questions were in favor of appellants' contention; but, upon the material issues—those upon which the rights of the parties were to be determined—the answers given by the jury were in favor of the appellees.

Appellants have also submitted a motion to correct the former judgment of this court by eliminating therefrom any reference to interest. That motion is founded upon the contention that the plaintiffs were not entitled to interest, and that the judgment of the trial court is silent upon that subject, and interest is not collectible thereon. It was not our intention to, and the judgment of this court does not award interest. Unless interest was collectible upon the judgment rendered by the trial court, appellees are not entitled to interest by reason of anything stated in the opinion of this court or incorporated in its judgment. Both motions are overruled.

Writ of error refused.