TEXAS & P. RY. CO. v. GULLETT et al.

(Court of Civil Appeals of Texas. Jan. 14, 1911. Rehearing Denied Feb. 11, 1911.)

1. RAILROADS (§ 390*)—INJURY TO PEDESTRIAN —CONTRIBUTORY NEGLIGENCE—DISCOVERED PERIL.

That a pedestrian was guilty of contributory negligence in being on a railway track, does not prevent recovery for his death if the

─────────

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

employés on the train which struck him discovered his peril in time to have stopped the train before striking him by using the means at hand.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1324, 1325; Dec. Dig. § 390.*]

2. RAILROADS (§ 376*)—INJURY TO PEDESTRIAN — DISCOVERY OF PERIL — DUTY OF EMPLOYÉS.

Train employés, discovering the peril of one on the track, must use every means at hand, consistent with the safety of the train, to avoid striking him; use of ordinary care being insufficient.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1275–1279; Dec. Dig. § 376.*]

3. DEATH (§ 104*)—DAMAGES—INSTRUCTIONS.

An instruction that in determining the damages caused by negligent death, the jury could consider the support of the widow and her minor children, and the children's ages, was erroneous, being unlimited as to time.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 104.*]

4. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

An instruction to ascertain the amount of damages for negligent death in dollars and cents, and make that good, was erroneous as upon the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 439–466; Dec. Dig. § 194.*]

5. DEATH (§ 104*)—DAMAGES—UNSUPPORTED INSTRUCTIONS.

An instruction permitting the jury to determine the value of decedent's services in superintending and educating his children, was erroneous, in the absence of evidence of such services.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 104.*]

6. DEATH (§ 104*)—DAMAGES—UNSUPPORTED INSTRUCTIONS.

An instruction in an action for negligent death permitting consideration of decedent's health, energy, etc., was erroneous, in the absence of supporting evidence.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 104.*]

Appeal from District Court, Van Zandt County; T. R. Yantis, Special Judge.

Action by Mrs. Nellie Gullett and others against the Texas & Pacific Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

W. L. Hall, M. G. Sanders, and J. A. Germany, for appellant. Chas. H. Reese, Jno. W. Davidson, and W. A. Davidson, for appellees.

BOOKHOUT, J. This is a suit by Mrs. Nellie Gullett, for herself and as next friend for her minor children, Hallie, Katie, Bessie, and Vergie Gullett, to recover damages for the alleged negligent killing of her husband and the father of her children. She alleges that J. B. Gullett went upon defendant's track on May 1, 1907, at a point where it had been used by the public as a pathway for travel by pedestrians such a length of time as to make him a licensee, and was there run over and killed by one of the defendant's trains; that the engineer operating the engine of the train had been for more than 10 years an employé of defendant, and knew this particular place was so used by the public; that the train was run at a dangerous rate of speed; that the engineer failed to sound the whistle and ring the bell for Houston street crossing, which was west of where deceased was, and failed to give any kind of warning of the approach of the train, although they knew that they were approaching street crossings in the town of Grand Saline; that the engineer did discover the said J. B. Gullett and his peril in time to have avoided striking him, but that the engineer and employés in charge of the train failed to exercise any care in that behalf. The petition further sets out the damage alleged to have been sustained by reason of the loss of the said J. B. Gullett by the plaintiffs, and prays for a judgment of $1,999. The defendant answered by a general denial, and specially denied that its roadbed and right of way was habitually used by the public as a highway for pedestrians; that deceased was using it as such, but that he was lying down upon it in the nighttime. Further answering, it alleged that deceased was a trespasser, and that he was guilty of contributory negligence in being upon the track at the time and place where he was killed; that he was negligent in remaining on the track in front of a moving train; that he was not at a crossing, but that he went upon the track in a drunken condition at a place and time that the engineer would not reasonably anticipate his presence, and there laid down so as to partially conceal himself where the roadbed was dark, being covered with cinders, and he himself wearing dark clothes made it nearly impossible for the employés in charge of said train to discover his presence. The case was tried before a jury and resulted in a verdict and judgment for plaintiffs for the gross sum of $1,999. Defendant's motion for new trial having been overruled, it perfected an appeal.

The evidence was sufficient to raise the issue that the agents and servants of appellant in charge of and operating its train that struck and killed J. B. Gullett saw him upon the railroad track and discovered his peril in time, with the use of the means at their command, to have stopped the train before striking him. There was, therefore, no error in refusing appellant's charge instructing a verdict in its favor. The fact, if it was a fact, that Gullett was guilty of contributory negligence in being upon the railway track would not prevent a recovery by appellees under the law of discovered peril. Railway v. Staggs, 90 Tex. 461, 39 S. W. 295. It is, therefore, unnecessary to discuss the assignments presenting the contention that the court erred in refusing certain requested charges on contributory negligence.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Error is assigned to the court's action in refusing appellant's requested charge reading as follows: "You are further instructed that if you find from the evidence that J. B. Gullett was standing upon the track at the time he was struck, and that the engineer on said train saw the said J. B. Gullett standing thereon, then, in that event, the engineer on said train had the right to presume that the said J. B. Gullett would get off the track in time to avoid being struck by said engine, and you will find for the defendant, unless you further find that the said engineer discovered that the said J. B. Gullett could not or would not get off the track in time to prevent being struck, and that the engineer could have stopped his train by the use of ordinary care to use all the means at his command consistent with safety of the train before striking him." This charge is not correct. If the agents and employés operating the train saw Gullett on the track and discovered his peril, they owed him the duty of using every means within their power, consistent with the safety of the train, to avoid running him down. Railway v. Breadow, 90 Tex. 26, 36 S. W. 410. The use of ordinary care to make use of such means as stated in the charge is not the correct rule.

The jury were instructed that "if they believe from the evidence that they (plaintiffs) have sustained any injury for which defendant is liable, as explained in these instructions, then the jury has the right to take into consideration the support of plaintiff and her minor children and the instruction and physical, moral, and intellectual training, as well as the ages of said minor children, so far as these matters have been proven in determining the amount of damages in this case." This charge is assigned as error, and the assignment must be sustained. The plaintiffs were entitled to recover compensation for the pecuniary loss sustained by them in the death of J. B. Gullett. To instruct the jury that in determining the damage they could take into consideration the support of plaintiff and her minor children, as well as the ages of said children, without qualification, was error. This charge left the jury without any limit as to the time they should consider such support. There was no evidence of the cost of such support. Railway v. Worthy, 87 Tex. 465, 29 S. W. 376.

Again, the jury were instructed that, "You must ascertain from the evidence the pecuniary loss sustained in dollars and cents as nearly as you can approximate thereto and make that good." This charge is assigned as error, and we think this assignment should be sustained. An instruction to ascertain the amount of the damages sustained by plaintiffs in dollars and cents, and make that good, is upon the weight of evidence. There is nothing in the other parts of the charge modifying this language.

Error is assigned to that portion of the charge reading as follows: "The jury must found their estimate of the amount of such loss, if any, upon such facts in proof as tend to show the extent of the pecuniary loss sustained, taking into consideration the age, business capacity, experience and habits, health, energy, and perseverance during what would have probably been his lifetime, if he had not been killed, so far as these matters have been shown by the testimony, and also having regard to the value of services in the superintendence, attention to the care of his family, and in the education of his children, of which they have been deprived by the death of J. B. Gullett." The evidence fails to show what services if any, were rendered by J. B. Gullett during his lifetime in the superintendence of his family and the education of his children. The charge leaves it to the jury to determine the value of these services, when there is no evidence that any such services were rendered by him. This was error.

It was also improper to instruct the jury to take into consideration the habits, health, energy, and perseverance, during what would have been the lifetime of the deceased when there was no evidence upon those matters.

For the errors pointed out in the charge the judgment is reversed and the cause remanded.