TAYLOR, BASTROP & HOUSTON RAILWAY COMPANY ET AL. V.
MRS. C. M. WARNER AND HUSBAND.

No. 3236.

1. **Judgment Against Receivers.** — Suit for damages against the Taylor, Bastrop & Houston Railway Company. By supplemental petition it was alleged, that by some contract the defendant had agreed with the Missouri, Kansas & Texas Railway Company, then in the hands of Eddy and Cross, receivers, by which the latter occupied and used the road, and Eddy and Cross were made defendants. Judgment for plaintiffs, and execution stayed until the road should pass out of hands of receivers, and certifying the judgment to the court controlling the matter for observance. The original defendant had pleaded several defenses. Eddy and Cross pleaded general de-

nial, and adopted the pleas filed by the railway company. There being no evidence showing any contract between the two companies, the judgment against the receivers had no testimony to support it.

### ON REHEARING.

2. **Measure of Damages.**—In suit by parents for damages for loss of services of their minor son, killed through negligence of railway company, it was error to instruct the jury that they could consider "the comfort of his society had he not died" in determining the amount of recovery, and such charge is ground for reversal.

ERROR from Fayette. Tried below before Hon. H. TEICHMUELLER. No statement is necessary.

*Brown, Lane & Jackson,* for plaintiffs in error.—1. There being no evidence concerning Eddy and Cross, nor any finding of the jury relative to them, the judgment rendered by the court in so far as it refers to them is unauthorized.

2. The court erred in its charge upon the basis of damages. [See opinion.] Railway v. Matula, 79 Texas, 577; Rev. Stats., art. 2909.

*Moore & Duncan* and *W. S. Robson,* for defendants in error.

FISHER, JUDGE, *Section B.*—Suit by appellees against appellants to recover damages resulting from the death of their infant son, caused by the negligence of appellant the railway company in constructing the approach and crossing of a public highway across and over the railway track. The amount sued for was $5000 actual damages and $5000 exemplary damages. The railway company answered, (1) that at the time of the accident the railway was in the exclusive possession and control of Burkett & Murphy, who were independent contractors then engaged in its construction, and that the same had not been delivered to or accepted by defendant; (2) contributory negligence on the part of the father of the child.

May 5, 1889, appellees, by supplemental petition, alleged that the railway company had consolidated itself with the Missouri, Kansas & Texas Railway Company, and that said Missouri, Kansas & Texas Railway Company had been placed in the hands of Eddy and Cross, as receivers, and that they were in the exclusive possession of said railway and were operating it. Eddy and Cross, for answer, adopted that filed by the railway company, and denied the allegations of plaintiff's pleadings.

The jury returned a verdict in favor of Mrs. C. M. Warner for actual damages in the sum of $2500, and found that the husband was not entitled to damages.

Upon this verdict judgment was rendered against the Taylor, Bastrop & Houston Railway Company for $2500 and costs of suit, and

against Cross and Eddy as follows: "It further appearing to the court, that George A. Eddy and H. C. Cross, by their answer herein, are receivers of the Taylor, Bastrop & Houston Railway Company, and in that capacity have the property of the said railway in their hands, it is further ordered, that there be a stay of execution so long as said property shall be in the hands of said receivers, and that the judgment be certified to the court appointing said receivers, for observance and enforcement."

The grounds upon which appellees seek to have this judgment paid by Cross and Eddy are, that they are receivers of the Missouri, Kansas & Texas Railway Company, and that there is some agreement between that railway company and the Taylor, Bastrop & Houston Railway Company, whereby the latter is consolidated with the former, and by reason thereof is operated and controlled by Eddy and Cross as receivers of the former road. Appellants insist that there is no evidence to justify the judgment in this respect. This is true. The evidence fails to show any connection whatever between the Missouri, Kansas & Texas Railway Company and the Taylor, Bastrop & Houston Railway Company. Nor is it shown that Eddy and Cross are receivers of the latter road. The judgment recites, that it appears from the answer of Eddy and Cross that these facts are shown. This is not true. The answer simply adopts the answer of the Taylor, Bastrop & Houston Railway Company, and pleads further a general denial. There is nothing in the answer of the railway company that shows that Eddy and Cross are receivers, or that the two railways were consolidated. Before Eddy and Cross, as receivers of the Missouri, Kansas & Texas Railway Company, can be charged with a liability against the Taylor, Bastrop & Houston Railway Company, it must be shown that some contractual relations exist between the two roads that would justify the judgment rendered against them. We think the judgment in the respect complained of erroneous.

It is contended that the court erred in giving the following in charge to the jury: " 'If you should, under all the foregoing instructions, find for the plaintiffs, you will assess such damages as you may find from the evidence that plaintiffs have actually sustained by reason of the death of their child. In assessing such actual damages, if you should so find, you will assess a sum equal to the pecuniary benefit that the parents had a reasonable expectation of receiving from their child during his minority, and the comfort of his society, had he not died, and in determining this you will take into consideration the age of the child, and such facts as are in evidence before you concerning his capacity to be of pecuniary advantage to his parents;' for the reason that it erroneously directs the jury to consider as an element of damage to plaintiffs the comfort which they would have derived from the society of their child had he not died."

The loss of the comfort afforded the parents by the society of the child can not be considered as a fact in determining the extent and amount of damages they are entitled to in ascertaining the pecuniary loss they have sustained by reason of his death. But while it was error to inform the jury that they could consider the loss of the comfort of the society of the child as an element of damages, it is doubtful if the charge complained of resulted in injury to appellant, as it confined the jury to a consideration of the value of the pecuniary services of the child during minority. The law allows damages to the parents not only for the value of the pecuniary services of the child during minority, but also for the pecuniary benefits they had a reasonable expectation of receiving from their child after he reached his majority.

We conclude the case should be reversed, and so report it.

*Reversed and remanded.*

Adopted March 22, 1892.

### ON MOTION FOR REHEARING.

STAYTON, CHIEF JUSTICE. —If there were no other objection to the proceedings or judgment than that which applies to the receivers, we are of opinion that the motion for rehearing and for reformation of the judgment in this respect might be granted, and the judgment affirmed as to the Taylor, Bastrop & Houston Railway Company; but the charge of the court considered in the opinion of the Commission of Appeals was erroneous in a matter calculated to affect the quantum of damages, and as it is assigned as error, this court can not speculate upon its effect. On account of the charge the judgment must be reversed, notwithstanding the other matter referred to might be here corrected. The motion for rehearing will be overruled.

The motion was overruled at Austin.