FRANK FOSTER v. THE STATE.

*No. 591. Decided December 21.*

**1. Bigamy—Evidence—Marriage License.**—Where on a trial for bigamy it was objected to the marriage license as evidence that the same did not show on its face to have been issued by the county clerk, *held*, that inasmuch as it was made to appear that at the time of the issuance of said license the offices of the county and district clerk were held by the same individual, the objection was not well taken.

**2. Same.**—The mistake of a clerk who was filling the two offices of district and county clerk of his county, in the issuance of a marriage license which he signed as district instead of county clerk, will not invalidate a marriage solemnly consummated between the parties.

APPEAL from the District Court of El Paso. Tried below before Hon. T. A. FALVEY.

This appeal is from a conviction for bigamy, wherein the punishment affixed by the court below was three years confinement in the penitentiary.

A statement of the evidence elicited in the case is not required, beyond the fact that a valid subsisting previous marriage was proved by the prosecution.

No briefs on file with the record.

DAVIDSON, JUDGE.—Appellant was convicted of bigamy. On the trial the State adduced in evidence the marriage license. During the argument defendant's counsel moved to exclude the license because it did not show upon its face to have been issued by the county clerk, he being the only officer authorized by law to issue such license. At the time the license issued the offices of district and county clerk of El Paso County were held and filled by the same person, under the provisions of law. That the officer signed the license as district clerk instead of as county clerk, could not and did not operate to render the marriage void.

The evidence clearly manifests a sufficient marriage, duly solemnized by a Catholic priest according to the ritual of that church. This was sufficient. This court can not agree to the proposition that a mistake of the clerk in issuing a marriage license can invalidate a marriage solemnly consummated between the parties. Simon v. The State, ante, p. 186.

In answer to a question propounded by the jury, the court charged them, " that the court judicially knows that in 1873 the offices of district and county clerk were not separate, and that a marriage license issued by a man holding the office of district and county clerk of El Paso County, Texas, at that time, duly solemnized by proper authority, would be valid,

whether he signed his name as district or county clerk, and whether he placed the seal of the district or county clerk to authenticate said license.''

The defendant requested a counter-charge, to the effect, that although the court judicially knows that the two offices were held by the same. party, yet unless said officer affixed the seal as such county clerk to the license it would be invalid, and a marriage had by virtue of such license would be void, although duly celebrated by the proper authority. This was refused. The action of the court was correct with reference to both charges.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.