HOUSTON & T. C. R. CO. v. GANT et ux.
(No. 5461.)

(Court of Civil Appeals of Texas. Austin. March 31, 1915.)

1. APPEAL AND ERROR &#8660;231—RESERVATION OF GROUNDS OF REVIEW—OBJECTIONS AND EXCEPTIONS.

In an action for the death of an infant, the court charged, if the jury found for plaintiffs, to find for them such sum as they believed to be the pecuniary value to the parents of the services of their deceased daughter from the time of her death until she would have arrived at the age of 21 years, after deducting the cost and expense of her maintenance for the same period of time, and that they might find such other sum as the evidence might show would be equal to the pecuniary benefit that the parents had a reasonable expectation of receiving from their daughter after she reached the age of 21 years, had she not died. Held, that even though such instruction was on the weight of the evidence as assuming that, if the child had not died from the injury, she would have lived to the age of 21 years, the judgment would not be reversed for such error; the objection to the instruction having been general and not having pointed out the particular portion of the charge which was on the weight of the testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1299, 1352; Dec. Dig. &#8660;231; Trial, Cent. Dig. §§ 689, 690.]

**2. DEATH ☞104 — ACTIONS FOR CAUSING DEATH—INSTRUCTIONS—DAMAGES.**

Such instruction was erroneous because of the failure to tell the jury that they could not allow damages for grief, loss of the child's society, or mental pain and anguish; it not, as claimed, expressly limiting the recovery to the pecuniary value of the child's services, as it did not expressly tell the jury that they could not allow damages other than the pecuniary value of her services.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 142–148; Dec. Dig. ☞104.]

**3. APPEAL AND ERROR ☞1068—RESERVATION OF GROUNDS OF REVIEW—MEASURE OF DAMAGES.**

The error in such instruction could not be regarded as harmless, though defendant made no complaint that the verdict was excessive, and the verdict was not in fact excessive, in the sense that the court would be justified in setting it aside as excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. ☞1068.]

**4. APPEAL AND ERROR ☞216 — RESERVING ERROR — INSTRUCTIONS — NECESSITY OF REQUESTS.**

Assuming that the error in such instruction was merely one of omission and not a positive error, where defendant objected thereto because of the failure to exclude from the jury's consideration damages for grief, loss of the child's society, and mental pain and anguish, and the trial court overruled such objection, defendant was not required to prepare and request a special instruction curing the omission, as the recent statute requiring objections to the charge to be presented in writing before the charge is read to the jury, besides requiring a dissatisfied litigant to afford the trial court an opportunity to correct alleged errors in the charge, is intended to allow such litigant the benefit on appeal of errors in the charge which he has pointed out, and which the trial court has refused to correct.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ☞216; Trial, Cent. Dig. § 628.]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by William M. Gant and wife against the Houston & Texas Central Railroad Company, Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, and Stribling & Stribling, of Waco, for appellant. James P. Alexander, of Waco, for appellees.

KEY, C. J. Wm. M. Gant and his wife recovered a judgment against the Houston & Texas Central Railroad Company, for damages on account of the death of their infant daughter; and the railroad company has appealed.

[1, 2] We sustain the second assignment of error, which complains of the court's charge upon the measure of damages, which charge reads as follows:

"If you find for the plaintiffs, you will find for them such sum of money as, if all now paid at one time, you may believe from the evidence to be the pecuniary value at this time to the plaintiffs of the services of their deceased daughter, Mary Gant, from the time of her death until she would have arrived at the age of 21 years, after deducting therefrom the cost and expense of her maintenance for the same period of time. In estimating the value of her services, you may look to the habits and energies, the age and intelligence, and the disposition of the deceased child; and in estimating the cost of her maintenance you may take into consideration the probable cost of her food, clothing, and all such other expenses as her parents would probably have incurred on her account during the period of her minority. And, if you find for plaintiffs, you may find such other sum as the evidence may show would, if all paid now, be equal to the pecuniary benefit that plaintiffs had a reasonable expectation of receiving from their said daughter, from the amount, if any, they had after she reached the age of 21 years, had she not died."

The bill of exception shows that appellant presented timely written objections to the court's charge, one of which complained of that portion of it quoted above as being upon the weight of evidence, and because it "does not exclude from the consideration of the jury those elements of damages which the jury should not consider, such as grief, loss of society of said child, mental pain and anguish, and such other elements as the jury might improperly consider in a case of this sort, other than of a pecuniary nature." We have a statute which prescribes that, in charging a jury, the judge shall not comment upon the weight of testimony; and, in construing that statute, our Supreme Court has held that it is reversible error for a presiding judge, either directly or indirectly, either by express statement or by implication, to convey to the jury his opinion as to the weight of material testimony, except in cases where the evidence is so clear and undisputed as to justify a peremptory instruction to find a verdict for one of the litigants. It is contended by appellant that the charge in question falls under the condemnation of the decisions referred to, because of the fact that it assumed that, if the child had not died on the occasion in question, it would have lived to the age of 21 years. If the charge is subject to that criticism, still, as the objection that was presented to the court was general and did not specify the particular portion of the charge alleged to be upon the weight of testimony, we would not hold that the case should be reversed for that reason; but the other objection was specific, and, in our opinion, it should have been sustained and the charge corrected in that respect, In Railway Co. v. McVey, 99 Tex. 28, 87 S. W. 328, in construing a charge similar in principle, our Supreme Court held that, on account of certain omissions, it was misleading and contained affirmative error; and we copy from that opinion as follows:

"The charge under consideration is as follows: 'If you find from the evidence and under the charges of the court for the plaintiffs, you will assess their recovery of damages at such amount, if paid now, as to fully compensate them for the actual damages, if any, sustained by them, as shown by the evidence, and such as is fairly proportioned to the injury sustained, if any; but

you will not allow the plaintiffs anything by way of solace for the death of said Edward McVey, or for any sorrow or anguish suffered by them as a result of such death.' Our statute, which gives a right of recovery for injuries resulting in death, provides, among other things, that 'the jury may give such damages as they may think proportioned to the injury resulting from such death; and the amount so received shall be divided among the persons entitled to the benefit of the action, or such of them as shall then be alive, in such shares as the jury shall find by their verdict.' Rev. Stat. 1895, art. 3027. There could hardly be a statute more vague in its terms than this. It is, however, settled by our decisions that the damages which may be recovered under the statute are such pecuniary benefits as the plaintiff had a reasonable expectation of receiving from the deceased, had he lived. City of Galveston v. Barbour, 62 Tex. 172, 50 Am. Rep. 519. By pecuniary benefits is meant not only money, but everything that can be valued in money, and includes, in case of a minor child who is suing for the death of a parent, the reasonable value of such nurture, care, and education as the child would have received from the deceased parent, had such parent lived. But neither sorrow for the death of the deceased relative (Houston City R. R. Co. v. Sciacca, 80 Tex. 350, 16 S. W. 31), nor the loss of his or her society (T. B. & H. R. R. Co. v. Warner, 84 Tex. 122, 19 S. W. 449, 20 S. W. 823), are recoverable in such cases. Now, we think it apparent that in the absence of some instructions, in a charge of this character, as to the damages which were to be estimated and as to those which were to be excluded, a jury would be likely to give compensation both for the grief and the loss of society caused by the death. In the case of Galveston, Harrisburg & San Antonio Ry. Co. v. Worthy, 87 Tex. 459, 29 S. W. 376, the trial court charged the jury upon the measure of damages as follows: 'In case you find for plaintiffs, you may give them such damages as you may think proportioned to the injury resulting to plaintiffs from the death of H. C. Worthy,' etc. This charge was held to be erroneous, not for the reason that it directly announced any incorrect proposition of law, but because it did not go further, and instruct the jury that it was only pecuniary damages which could be allowed; that is to say, as we understand, only compensation for pecuniary loss, or the loss of something the value of which is ordinarily capable of being estimated in money. The instruction in this case does not, as that in Railway Co. v. Worthy, supra, stop with telling the jury that they 'may give such damages as they may think proportioned to the injury,' but goes further, and instructs them not to allow anything 'by way of solace' or for 'any sorrow or anguish suffered by them as a result of' the death. This instruction, as we construe it, means merely to exclude a recovery by the plaintiffs of any compensation for the grief caused by the death of the husband and father. It does not exclude compensation for the loss of the society or companionship of the deceased, which, in the opinion of some, if not all, of the jurors, may have constituted the most serious injury to the wife at least. Such being the case, to exclude one improper element of the damages and not to exclude another tends rather to aggravate than to alleviate the tendency of the charge to mislead. 'The mention of one thing is the exclusion of another,' is a rule in the construction of written instruments. It is no less a rule of common sense, and one which suggests itself to the ordinary mind, when construing language, either written or spoken, to which it is applicable. For example, let us suppose that during the deliberation of the jury in this case a suggestion had been made as to giving compensation for the grief of the plaintiffs on account of the death of their relative, the answer would have been that the court had instructed the jury not to give damages on that account. Had the loss of society next been suggested, the answer would have been as ready and as conclusive that the court had not excluded that matter by its charge, and therefore the jury should consider and include damages, if any, on that score. We are of opinion, therefore, that the instruction under consideration was misleading; and we think also, by reason of its lack of proper limitations as to the elements of damages which the plaintiffs were entitled to recover, it probably led to the verdict in the case—a verdict seemingly excessive in amount, and certainly, under all the circumstances of the case, unprecedentedly large."

That case has been followed in Railway Co. v. Farmer, 102 Tex. 235, 115 S. W. 260, and Railway v. Kemendo, 124 S. W. 968. We note the distinction which counsel for appellee attempts to make between the charge in this case and those considered in the cases referred to. He asserts that no error was committed in giving the charge in question, because it expressly limited the plaintiff's recovery to the pecuniary value of the services of the deceased child, and for that reason it was not necessary for the court to exclude therefrom other elements of damages not connected with or related to the services of the child. He also contends that the error referred to, if error it be, was a negative and not a positive error, and that appellant's only remedy was to request a special charge supplying the alleged omission, which was not done. And his last contention is that as appellant is not complaining in this court of the amount of the verdict as being excessive, if error was committed in charging the jury upon the measure of damages, it should now be regarded as harmless.

Considering these points in the order stated, we are unable to agree with appellees' counsel in his assertion that the charge complained of expressly limited the plaintiff's recovery to the pecuniary value of the services of the child. It did not tell the jury in so many words that they could not allow the plaintiffs damages other than the pecuniary value of the services of their deceased daughter; and therefore it did not expressly limit the jury to the question of pecuniary value of the services alone. This being the case, and the jury not being instructed not to allow damages for grief caused by the death of the child, following the McVey Case, we hold that the error complained of probably misled the jury and caused them to allow compensation for grief and sorrow.

[3] This disposes of appellee's first and second contentions, as above set out, and leaves for consideration the proposition that the error referred to should be treated as harmless, because of the fact that appellant is not complaining in this court that the verdict is excessive. Appellant complains of the verdict as being unsupported by the testimony, and as contrary to the overwhelming weight of the evidence, but does not charge that, if appellees were entitled to recover, the verdict is excessive in the sense that it in-

dicates that the jury was influenced by improper motives. In this class of cases, as well as in many others, in fixing the amount of damages, the jury is permitted to exercise a very wide discretion, and verdicts are not regarded by appellate courts as so excessive as to justify setting them aside, although they may seem to be too large, unless the amount awarded indicates that the jury was influenced by some improper consideration. In this case the jury awarded the plaintiffs damages in the sum of $750 each on account of the death of their infant daughter; and, while we cannot hold that it is excessive in the sense that would justify this court in setting it aside, we do not think appellant should be cut off from its right to complain of the charge referred to, merely because it did not make another complaint which would have been futile. Counsel for appellee cite Railway Co. v. Stewart, 164 S. W. 1060, decided by the Dallas Court of Civil Appeals, as supporting his proposition that the failure to complain of the verdict as being excessive will justify holding that the error in charging upon the measure of damages should be treated as harmless. It appears to have been so held in that case, and perhaps this court has applied the same rule in a certain class of cases, but we do not think it should be held to apply in this class of cases. It would have been futile to seek a reversal on account of the amount of damages awarded, and yet it is impossible to say that the jury did not consider the question of mental suffering in fixing that amount. On the contrary, as held in the McVey Case, it is probable that they did.

[4] Counsel for appellant contend that if the error in the charge complained of and now under consideration was not a positive error, but merely one of omission, inasmuch as the recent amendment to the practice statute requires objections to the charge to be presented in writing before the same is read to the jury, the prior rule, requiring the complaining party to prepare and request a special instruction curing mere omissions in the court's charge, should no longer obtain. In substance, the argument is that the amendment to the statute was enacted for a twofold purpose: (1) To require the dissatisfied litigant to afford the trial court an opportunity to correct alleged errors in its charge before the case is submitted to the jury; and (2) to allow such litigant the benefit on appeal of errors in the charge which he pointed out to the trial court, and the latter refused to correct. There is much force and plausibility in that contention, which we sustain, and therefore hold that it was not necessary for appellant to ask a special charge which the action of the court in overruling the objection to the main charge indicates would not have been given.

The plaintiffs' case is predicated upon substantially the following alleged facts: The plaintiff Mrs. Gant, at about 8:40 on a Friday night, boarded one of defendant's chair cars and carried with her the infant child in question. According to Mrs. Gant's testimony, on account of the heat in the car, she raised a window, which on account of a defective fastening, or of a sudden lurch and jerk of the train, or for both reasons, was caused to suddenly fall or come down, at which time the child had its hand on the window sill, and two of its fingers were severely mashed and bruised. In fact, there was some testimony tending to show that the bone in one of the fingers was broken. Apparently nothing very serious resulted until the following Sunday afternoon, when the child became suddenly and violently ill. The symptoms were vomiting, jerking, and rigidity of the muscles, etc., and the child died the next day. A physician was called when the child was first taken violently ill, and he testified that, in his opinion, its death resulted from tetanus, commonly called lockjaw, and that it was caused by the injury to its fingers hereinbefore referred to. On cross-examination he testified that the incubation period of the tetanus bacillus in man is from 6 to 14 days, and stated that he meant by the incubation period the time from the introduction of the germs to the symptoms. It was shown by the testimony of its mother that about 12 days prior to the death of the child one of its fingers was burnt on a hot stove, which caused a blister about the size of its finger nail; that the blister broke, a scab came over the sore, and the place had about healed up when the child was taken sick. Three other physicians testified that, from the symptoms described by the attending physician, in their opinion the child did not have tetanus, and that it may have died as the result of ptomaine poisoning. However, they all three gave it as their opinion that, if it was a case of tetanus, the germs which produced that malady were introduced into the system by way of the burnt finger, and not through the injury to the other fingers caused by the falling of the window sash. Their reason for that opinion was based, it seems, upon the fact that medical science teaches that a longer period than 48 hours is required for the development of tetanus after the germ enters the system; the usual period being not less than 6, and extending, so one of them said, as far as 21 days. They all gave it as their opinion that, aside from tetanus infection, the injury to the fingers caused by the window sash would not have brought about the death of the child, though one of them stated that some other infection might have set up and might have had a secondary influence.

This being the condition of the testimony, appellant requested the court to instruct a verdict in its favor, and the refusal to do so is assigned as error; and it is also complained that the verdict is unsupported by the testimony. The writer of this opinion is dis-

posed to hold that the verdict is so contrary to the overwhelming weight of the testimony that, if no other reason existed, the case should be reversed upon that ground; but, as the case is to be reversed for other reasons, the court has concluded not to make that a ground for reversal.

There are some other questions presented in appellant's brief, which have been considered and are decided against it. For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes