CHICAGO, R. I. & G. RY. CO. et al. v.
TROUT. (No. 2–2545.)

(Commission of Appeals of Texas, Section B.
Dec. 11, 1918.)

1. APPEAL AND ERROR ☞1042(5), 1043(7) —
HARMLESS ERROR — REFUSAL TO STRIKE
AMENDMENT NOT SUBMITTED — CONTINU-
ANCE.

Where issue presented by plaintiff's trial
amendment was not submitted in charge, trial
court's refusal to strike amendment, and its de-
nial of defendants' application for continuance
on ground of surprise, were not reversible error.

2. MASTER AND SERVANT ☞277—EXISTENCE
OF RELATION—PARTNERSHIP BETWEEN RAIL-
ROADS—SUFFICIENCY OF EVIDENCE.

In employé's action for injuries, brought
against several railroad companies as partners
in operation of line where injury occurred, evi-
dence held insufficient to show existence of re-
lationship of partners between two of the rail-
roads.

Error to Court of Civil Appeals of Seventh
Supreme Judicial District.

Suit by H. P. Trout against the Chicago,
Rock Island & Gulf Railway Company and
others. From judgment for plaintiff, de-
fendants appealed to the Court of Civil Ap-
peals, which affirmed (152 S. W. 1137), and
defendants bring error. Judgments of the
Court of Civil Appeals and of the trial court
reversed, and cause remanded for new trial
on recommendation of the Commission of
Appeals.

Defendant in error brought this suit to
recover damages against the Chicago, Rock
Island & Gulf Railway Company and the
Chicago, Rock Island & El Paso Railway
Company as partners on account of an in-
jury sustained by defendant on May 6, 1910,
on a freight train on a line of railway from
Tucumcari, N. M., to Amarillo, Tex.; the
injury occurring in the territory of New
Mexico. Plaintiffs in error answered by
general denial, special plea denying partner-
ship, and other pleas not necessary to the
disposition of the cause. On a jury trial,
verdict was returned in favor of the de-
fendant in error against the plaintiffs in
error on the 27th day of January, 1912.
Suit was filed July 29, 1910, and on Janu-
ary 24, 1912, defendant in error filed trial
amendment alleging that he was employed
by the Gulf Company and sent to work on
the line in New Mexico where he received
the injury. Plaintiffs in error moved to strike
out the trial amendment, which being over-
ruled, they presented motion for continuance
on ground of surprise. The judgment of the
lower court was affirmed by the Court of
Civil Appeals of the Seventh District (152
S. W. 1137), and reference is had to that
opinion for statement of the case. On the
trial the proof showed that in the spring
of 1910 a railway was being constructed
from Amarillo to the Texas line, and from
Tucumcari, in the territory of New Mexico,
to the Texas line to connect with the road
being constructed from Amarillo, Tex.; that
portion of the road in Texas being construct-
ed for the Gulf Company, and that portion
in the territory of New Mexico for the
Tucumcari & Memphis Railway Company.
An engineer had in charge the construction
of the road; that portion in New Mexico
being constructed under the direction of the
Tucumcari & Memphis Company, and that
portion in Texas under the Gulf Company.
The engineer in charge employed and dis-
charged the laborers, and they were paid
for their labor by the respective companies
for the work done for each. The Tucumcari
& Memphis Railway Company was chartered
under the laws of the territory of New Mex-
ico to build, maintain, and operate a line
of railway from Tucumcari to the Texas
border. At the date of the alleged injury,
the road had been completed so far as rail
connection was concerned, but had not yet
been opened for passenger and freight serv-
ice and was still under the direction of the
engineer in charge of construction.

Plaintiff was employed by Jake Pancost,
who was working under the engineer in
charge of construction, and at the time of
his employment nothing was said as to what
railroad company was his employer. At the
time of his injury, he was on a construction
train on that part of the road being con-
structed by the Tucumcari & Memphis Rail-
way Company. He was paid for his labor
by said last-named company. The El Paso
Company did not take charge of the opera-
tion of trains on the road until the 8th or
9th of May, 1910. In the latter part of that
year, the plaintiffs in error were advertised
in a folder issued by a railway advertising
company as a part of the "Rock Island lines"
and "Rock Island System," and the road
from Amarillo to Tucumcari was shown as
a part of said system. At that time that
portion of the road from the Texas line to
Tucumcari was marked as the El Paso Com-
pany line. However, when this folder was
issued does not appear. Yet the testimony
shows that the El Paso Company was not
operating the road in New Mexico at the time
of the injury.

The court in its charge authorized a re-
covery only in the event the jury found
plaintiffs in error to be partners and that
defendant in error was employed by them.

The court did not submit the issue present-
ed in the trial amendment.

N. H. Lassiter and Robt. Harrison, both
of Ft. Worth, and Gustavus & Jackson, of
Amarillo, for plaintiffs in error.

Barrett & Jones and J. N. Browning, all
of Amarillo, for defendant in error.

SADLER, J. (after stating the facts as
above). [1] The first assignment of error
complains of the action of the court in re-
fusing to strike out the trial amendment

and in overruling the application for a continuance. There was no reversible error in this, since the issue presented by the trial amendment was not submitted in the court's charge.

[2] Plaintiffs in error complain of the charge of the court in submitting to the jury the question of partnership, complain that the evidence was insufficient to show partnership and to sustain the verdict and judgment. The evidence is insufficient to establish partnership. S. P. Ry. Co. v. Meadors & Co., 104 Tex. 469, 140 S. W. 427; H. & T. C. Ry. Co. v. McFadden & Co., 91 Tex. 194, 40 S. W. 216, 42 S. W. 593; T. B. & H. Ry. Co. v. Warner, 84 Tex. 122, 19 S. W. 449, 20 S. W. 823; W. U. Tel. Co. v. Pennsylvania Co., 129 Fed. 849, 64 C. C. A. 285, 68 L. R. A. 968; Stone v. Cleveland, C., C. & S. L. Ry. Co., 202 N. Y. 352, 95 N. E. 816, 35 L. R. A. (N. S.) 770.

An analysis of these authorities is believed to sustain the proposition that the evidence in this case is insufficient to show the existence of the relationship of partners between the two railway companies. It rather shows that they were independent actors. The evidence does not sufficiently show that the plaintiffs in error were so acting together as to constitute a holding out of themselves to the defendant in error as partners. The defendant in error earnestly insists that under the holding in Buie v. C., R. I. & Pacific Co., 95 Tex. 51, 65 S. W. 27, 55 L. R. A. 861, the evidence establishes partnership; but a careful consideration of that case discloses that the question before the court was not one of partnership, but rather of jurisdiction over the person of the Chicago Rock Island & Pacific Railway Company.

In Peterson v. C., R. I. & P. Ry. Co., 205 U. S. 364, 27 Sup. Ct. 513, 51 L. Ed. 841, the Supreme Court of the United States in a very exhaustive opinion holds contrary to the holding in 95 Tex. 51, 65 S. W. 27, 55 L. R. A. 861, supra. Neither of these opinions involves the question of partnership, since it was not necessary to the disposition of the cases.

Prior to the date of the injury alleged and on that date, the Tucumcari & Memphis Railway Company, under charter granted by the territory of New Mexico, was building and maintaining the line of railway from Tucumcari to a junction point with the Gulf Company line at the state boundary common to the territory of New Mexico and the state of Texas; said line of road being wholly within said territory. The El Paso Company is not shown to have had any connection with this railroad prior to May 8, 1910, a date subsequent to that of the alleged injury. The evidence is insufficient to show that the El Paso Company owed any duty to the defendant in error, or that he was employed by it, or that it caused his injury, or that it had any connection with the Tucumcari & Memphis Railway Company at the time of his injury. Quanah, A. & P. Ry. Co. v. Price, 192 S. W. 805; Gulf, Colorado & Santa Fé Ry. Co. v. Miller, 98 Tex. 267, 83 S. W. 182; Ft. Worth & Denver Ry. Co. v. Ballou, 174 S. W. 337.

In view of the disposition to be made of this case, the other questions raised on the trial will not be considered, since, probably, they will not arise on another trial.

On account of the insufficiency of the evidence to show liability of the appellants in error as partners and to support the submission of the right of defendant in error to recover against plaintiffs in error in that relation, we are of opinion that the judgment of the Court of Civil Appeals of the Seventh District and of the district court should be reversed, and that the cause should be remanded for a new trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission.

---

⬧⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes