## HARGRAVE v. TEXAS & P. RY. CO.
### (No. 970—5109.)

Commission of Appeals of Texas, Section B.
Jan. 23, 1929.

W. S. Adamson, of Ranger, and Grisham Bros., of Eastland, for plaintiff in error.

R. S. Shapard and T. D. Gresham, both of Dallas, Conner & McRae, of Eastland, and Shropshire & Bankhead, of Weatherford, for defendant in error.

SPEER, J. J. R. Hargrave sued the Texas & Pacific Railway Company and recovered a judgment for $9,000 on account of personal injuries sustained by him in a collision between the defendant's train and an automobile in which he was riding, at the Main street crossing of defendant's railroad track in the city of Ranger. Several grounds of

negligence were alleged, including the violation of an ordinance requiring the railroad company to keep a flagman at the crossing, and the defendant answered generally and specially that the plaintiff was guilty of contributory negligence.

Upon the trial, the cause was submitted upon special issues, including failure to blow the whistle for the crossing, failure to ring the bell, the rate of speed at which the operatives ran the train, and the failure to have a flagman at the crossing to warn the plaintiff of the approaching train. At the request of the plaintiff, however, the court instructed the jury as follows:

"You are instructed that the failure of the defendant to maintain a flagman at the crossing in question where the injury occurred constitutes negligence as a matter of law, and in connection with this instruction you will answer the following questions:

"(a) Was the failure of the defendant to maintain a flagman at the crossing in question the sole proximate cause of the injury, if any, which plaintiff sustained?"

"If you have answered the foregoing question in the affirmative, then you need not answer any questions propounded to you in the general charge, but you will answer the following question" (with respect to the amount of compensation).

The jury having answered subdivision (a) of the plaintiff's requested issue in the affirmative, and having found the amount of plaintiff's damages to be $9,000, the court entered judgment for plaintiff accordingly.

Upon appeal this judgment was reversed and the cause remanded. (Tex. Civ. App.) 1 S.W.(2d) 740. The writ of error was granted to review the holding of the Court of Civil Appeals that the ordinance which the trial court had treated as valid was void.

The ordinance reads as follows: "Each railroad company having track or tracks crossing Main Street shall be and is hereby required to keep a flagman at said crossing to give notice of the approach of trains, engines, and cars upon said tracks, and such flagman shall be stationed and kept at the crossing of said tracks of said Main Street from 5 A. M. to the hour of 10 P. M."

The Court of Civil Appeals, following City of Waxahachie v. M. K. & T. Ry. Co. of Texas (Tex. Civ. App.) 183 S. W. 61, held that the ordinance was void upon the ground that it unreasonably required the railroad company to maintain a watchman at the crossing continuously from 5 o'clock a. m. to 10 o'clock p. m., irrespective of the necessity therefor by reason of approaching trains, engines, or cars upon the tracks.

■ The case which the Court of Civil Appeals followed never reached the Supreme Court, and our decision is therefore uninfluenced by it.

There is much force in the contention that an ordinance which unnecessarily requires a flagman to be kept at a crossing, irrespective of the necessity therefor, is void, as an unreasonable demand upon the railroad company. But we do not interpret the ordinance under review as having that effect.

■■ It is a familiar rule of construction of statutes that the purpose of the enactment will be considered, that is, the evil sought to be remedied, and the means sought to be supplied to that end will govern largely as to the intention of the lawmakers, and the intention always, when not unlawful, is controlling. Now, the evil sought to be remedied was the danger of accidents at crossings on Main street, and the remedy provided was the keeping of a flagman at such crossing to give notice of the approach of trains, engines, and cars, upon the tracks. It was not part of the purpose of the ordinance to require a flagman at any other time, for there was no necessity for his presence except upon the approach of a train, engine, or cars upon the track.

■■ Another cardinal rule of construction is that where a statute is fairly susceptible of two constructions, one of which will sustain the act, and the other make it void, the first will be accepted, because necessarily it is presumed the lawmaking body intended its act to have some effect, and not that it should be ineffective for any purpose. Maud v. Terrell, 109 Tex. 97, 200 S. W. 375. To this end the courts are not bound by mere grammatical construction, but a transposition of words and clauses may be resorted to when necessary to give the act meaning or validity. Staples v. State, 112 Tex. 61, 245 S. W. 639; Chase v. Swayne, 88 Tex. 218, 30 S. W. 1049, 53 Am. St. Rep. 742; Trinity County v. Polk County, 58 Tex. 321; State v. Pioneer, etc., Co. (Tex. Com. App.) 292 S. W. 869.

■■ Applying these rules of construction, the ordinance should be construed as requiring the railroad company to keep a flagman at the crossing named to give notice of the approach of trains, engines, and cars occurring from 5 a. m. to 10 p. m. The language does not necessarily require the holding that the council meant to require the presence of the flagman continuously between those hours, but it is capable of the interpretation we have given it, and, such interpretation making the ordinance lawful, it will be adopted. The trial court, therefore, did not err in treating a violation of the ordinance negligence as matter of law, and the Court of Civil Appeals erred in reversing him at that point.

We have not foreclosed the question of the necessity for proof of publication of the ordinance, argued by counsel for the company; but have thought it necessary to decide the validity of the ordinance as against the objections of unreasonableness. The necessary

proof, if it exists, can be made upon another trial.

■ It does not follow, however, that the judgment of the Court of Civil Appeals whereby it remanded the cause for another trial should be reversed. If its judgment is correct, it will not be reversed merely because based upon an erroneous reason.

■■ The Court of Civil Appeals further reversed the trial court because the effect of his instructions already quoted in this opinion was to deprive the defendant company of a valuable right in the submission of its defensive issues, and we think its decision in this respect was correct. Moreover, we have carefully considered the appellant's first proposition presented in that court complaining of the action of the trial court in overruling its first application for a continuance, and think that assignment would have been sustained, as it should have been, if the Court of Civil Appeals had found it necessary to consider it. It was a first application and complied in all respects with the statute based upon the absence of a witness who was riding in the automobile with the plaintiff at the time of the injury, and who leaped from the car in time to save himself from the collision, and by whom it was alleged the company would be able to prove facts bearing cogently upon the important issue of contributory negligence. We have considered the suggestion that the company had not been diligent in procuring the attendance of this witness, but we think there had been sufficient diligence. The witness resided in the city of the trial at the time of the accident and at the time of filing the suit only a few months prior to the trial, was an employé of the plaintiff, and the defendant company had no notice whatever that he had removed from Eastland county to California, and, indeed, no one seems to know just when he did remove from Eastland county.

We therefore recommend that the judgment of the Court of Civil Appeals reversing and remanding the cause for another trial be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.