## ADAMS v. CORDER.

### No. 2597.

Court of Civil Appeals of Texas. Eastland.

Oct. 17, 1947.

Rehearing Denied Nov. 7, 1947.

Brookes, Duke & Templeton, of Abilene, for appellant.

Scarborough, Yates, Scarborough & Black, of Abilene, for appellee.

GRAY, Justice.

By opinion dated June 20, 1947, we affirmed the judgment, of the trial court in this case. But after careful consideration of appellant's motion for rehearing, we have reached the conclusion that we were in error in affirming the case. We, therefore, withdraw our former opinion and substitute therefor the following:

Appellee, Gordon Corder, filed suit in the County Court of Taylor County, Texas, against appellant, John H. Adams, for the reasonable value of services alleged to have been rendered by appellee to appellant in the matter of cutting and hauling rent wheat and maize for the years 1945 and 1946, appellant being the landlord and appellee the alleged tenant. Proof was made as to the number of acres involved for each year and as to the reasonable value of said cutting and hauling. Without so pleading, appellee testified to an oral agreement with appellant by which appellee was to have a five year lease on said land, in consideration of which, he was to cut and haul to the elevator the rent grain without cost to appellant, but that appellant breached said agreement by renting said land to another for 1947. Wherefore, he sued on a quantum meruit for the reasonable value of such cutting and hauling.

Appellant specially denied in his pleadings and in his testimony that he had ever rented said land to appellee, but that he had verbally rented same to A. J. Corder, father of appellee, by the year for said years of 1945 and 1946, thus raising the issue as to whether there was any privity of contract between appellant and appellee. In further support of his said defense, evidence was introduced showing that said rent grain was delivered to the elevator in the name of A. J. Corder and, that when

sold, payment therefor was made to A. J. Corder.

The case was submitted to a jury on special issues, the nature of which may be inferred from the findings, which were: 1. That plaintiff agreed to harvest and deliver the grain in question to the elevator cost free to the defendant. 2. That plaintiff refused to rent the place on said terms unless given a five year lease. 3. That defendant agreed to said five year term on the conditions stated. 4. That plaintiff harvested and hauled said grain according to said agreement. 5. That defendant accepted the services so rendered by plaintiff. 6. That the reasonable value of said services was $667.30, for which judgment was rendered.

It is the theory of appellant that whatever service appellee rendered was for his father, A. J. Corder. There was but a single conversation between the parties as to said matter. It occurred on the farm with John H. Adams, A. J. Corder, Gordon Corder and Louis Corder present. The evidence was in conflict as to with which of the Corders the agreement was made, appellant contending that it was with A. J. Corder, the others that it was with Gordon Corder. Appellant denied that he rented said land to any one for five years, but that it was by the year.

The contentions of plaintiff as raised by the evidence were submitted to the jury, with the exception that no positive and direct issue was submitted inquiring whether appellant rented said land to appellee, Gordon Corder, for the years involved. The issues as submitted seemed to assume such contract. Even though the answers to the issues as submitted were favorable to plaintiff and taken alone tended to prove his case, yet appellant was nevertheless entitled to have his defense affirmatively presented to the jury.

██ We quote the applicable rule from 41 Tex.Jur. beginning on page 1115, Section 280:

"It is the settled practice that either party is entitled to have any fact or group of facts raised by the pleadings and the evidence affirmatively and directly submitted to the jury. Not only is the plaintiff entitled to have an affirmative presentation of his theory of the case and the facts constituting his cause of action, but the defendant also has a right to such a presentation of any fact or facts properly raised as a defense which, if true, would establish such defense. The refusal by the court of a request for such submission of issues affirmatively and directly raised is reversible error.

"It frequently happens that the affirmative submission of the plaintiff's case by necessary implication negatives the defensive issue, but this does not affect the defendant's right to have his proper issues affirmatively submitted. * * *."

The cited text quotes in support thereof from Greer v. Thaman, Tex.Com.App., 55 S.W.2d 519, 520, as follows: "In other words, in order to accord each party a fair trial, our rules require that the theories of each party be directly submitted where raised by the evidence, and this right cannot be lost or defeated by jury findings on other issues, which, in effect, indirectly negative a favorable finding on an issue not submitted, but raised by the evidence."

██ Defendant had pleaded and testified that he had never rented said land to Gordon Corder, but that A. J. Corder was his tenant. A jury finding sustaining this contention would have established that Gordon Corder had no cause of action against him. Appellant tendered to the court his requested special issue No. One, inquiring whether appellant leased said land to A. J. Corder for the years involved, which the court refused. Appellant excepted and preserved the point on appeal.

Under the authorities quoted above, it was not sufficient that the jury findings favorable to appellee negative appellant's defense. He was entitled to have his defense affirmatively presented.

Because of the error of the trial court in refusing to submit appellant's requested Special Issue No. One, the case must be reversed.

Reversed and remanded.