Lela Frances Rook SIMPSON et vir, Appellants,

v.

H. N. BARHAM, Jr., et al., Appellees.

No. 6616.

Court of Civil Appeals of Texas.

Amarillo.

June 25, 1956.

Crenshaw, Dupree & Milam, Lubbock, P. B. Randolph, Morehead, Sharp & Boyd, Plainview, for appellants.

LaFont, Tudor & Tunnell, Plainview, for appellees.

NORTHCUTT, Justice.

This suit was brought by plaintiffs, H. N. Barham, Jr., individually and as next friend for his minor children, Steven Barham, Sandra Barham, and Mark Barham against the defendants, Lela Rook Simpson, McKinley Simpson and Homer Rook, the father of Lela Rook Simpson, for damages received by said minor children and also for the death of Mrs. H. N. Barham, Jr., by virtue of an automobile accident. The plaintiffs will hereafter be referred to as appellees and defendants as appellants.

On November 21, 1954, Lela Rook, who thereafter married McKinley Simpson was driving an automobile upon Fifth Street in Plainview, Texas, and was going in a westerly direction and Mrs. H. N. Barham, Sr. was driving an automobile upon Vernon Street in Plainview, Texas, and going in a northerly direction. In the car with Mrs. Barham, Sr. were Mrs. Barham, Jr. and the three children of Mr. and Mrs. Barham, Jr. Vernon Street crosses Fifth Street. Fifth Street is a four-lane street and automobiles traveling on Fifth Street have the right of way over automobiles traveling on Vernon Street. There was a stop sign directing people traveling on Vernon Street going north to stop before entering upon Fifth Street. Mrs. Barham, Sr. stopped the car at the stop sign before entering into Fifth Street and then proceeded north crossing Fifth Street, and as she arrived on the northern portion of Fifth Street ready to go into Vernon Street, the car was struck by the car driven by Lela Rook and all of the parties in the Barham car were thrown from the car and the three children were injured and Mrs. Barham, Jr. was injured so badly that she died two days later as a result of this collision.

The appellees pleaded several acts of negligence on the part of Lela Rook Simpson. The appellants answered the contention of appellees and contended Lela Simpson had

the right of way and pleaded acts of negligence on the part of Mrs. Barham, Sr., the driver of the Barham car, and that the acts of Mrs. Barham, Sr. were imputed to appellees and in the alternative that the acts of Mrs. Barham, Sr. were the sole proximate cause of the collision and damages suffered by the appellees. Appellants also pleaded unavoidable accident. The case was submitted to a jury upon 26 special issues and upon the verdict of the jury, judgment was rendered for appellees and motion for a new trial being overruled appellants perfected this appeal.

We will first consider appellants' sixth, seventh, eighth, and ninth assignments of error which are grouped together under appellants' Group Three. These assignments concern the instructions of the trial court in reference to Special Issues Nos. 25 and 26. Special Issues Nos. 25 and 26 and the instructions given by the court in connection with those issues were as follows:

"What amount of money, if any, if paid now in cash to each of the children, Steven Barham, Sandra Barham, and Mark Barham, do you find from a preponderance of the evidence would reasonably and fairly compensate each child for the damages sustained by each on account of the death of their mother? You will answer in dollars and cents the amount of damages, if any, that you find for each child, if you find any amount.

"Now in answering the above and foregoing issue, you will take into consideration only the damages sustained by each child on account of the loss in contributions and services, if any, and also the loss of nurture, care, education, training and advice, as you find from a preponderance of the evidence each child would have in all reasonable probability received from their mother during their minority, had she lived. You will not allow anything by way of consolation or for any sorrow, anguish

or grief suffered by the children on account of the death of their mother.

"Special Issue No. 26

"What amount of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate H. N. Barham, Jr., if any, for the loss sustained by him on account of the death of his wife? You will answer in dollars and cents, if any, as you find, if you find any amount.

"Now, in answering the above and foregoing issue, you will and in doing so you will consider only the pecuniary loss, if any, estimate the amount of damages, if any, to the plaintiff, that is, such loss, if any, by way of contributions, services, counsel and advice, if any, as you find from a preponderance of the evidence that the said H. N. Barham, Jr., would have in all reasonable probability received from the deceased, had she lived, and you will also take into consideration any loss sustained by him, if any, on account of the loss of her services as a housewife and in looking after and caring for the household and the children. You will not take into consideration any sorrow, anguish or grief suffered by the husband on account of the death of his wife. And in answering this issue you will not take into consideration the hospital, medical and funeral expenses."

The appellants made and presented their objections to the definition given as to Special Issue 25 as follows:

"Defendants object and except to Special Issue No. 25 and the instructions following Special Issue No. 25 for the reason that said instructions fail to instruct the jury that they can not allow the minors anything by way of affection, companionship and loss of society, and in this connection, instead of the last sentence of said in-

structions, the defendants request the Court to substitute the following: 'You will not allow Plaintiffs anything by way of consolation for the death of their mother, Jean Barham, or for any sorrow, anguish or grief suffered by them as a result of her death, or for the loss of society, affection or companionship of the deceased."'

In addition to appellants' objections they requested the trial court to give the Special Instruction No. 3, which was as follows:

"You are instructed that in connection with Special Issue No. 25, that you will not allow the plaintiffs Steve Barham, Sandra Barham and Mark Barham, anything by way of consolation for the death of their mother, Jean Barham, or for any sorrow, anguish or grief suffered by them as a result of her death, or for the loss of society, affection or companionship of the deceased."

The appellants made and presented their objections to the definition given to Special Issue No. 26 as follows:

"Defendants object and except to Special Issue No. 26 and the instructions following said Special Issue No. 26 for the reason that said instructions fail to instruct the jury that they can not allow the husband anything by way of affection, companionship and loss of society, and in this connection, instead of the next to the last sentence of said instructions, the defendants request the court to substitute the following: 'You will not allow Plaintiff H. N. Barham, Jr. anything by way of consolation for the death of his wife, Jean Barham, or for any sorrow, anguish, or grief suffered by him as a result of her death, or for the loss of society, affection or companionship of the deceased."

In addition to said objection, appellants requested the court to give their requested Special Instruction No. 5, which is as follows:

"In connection with Special Issue No. 26, you are instructed that you will not allow Plaintiff H. N. Barham, Jr. anything by way of consolation for the death of his wife, Jean Barham, or for any sorrow, anguish or grief suffered by him as a result of her death, or for the loss of society, affection or companionship of the deceased."

■■ It is to be noticed that the appellee, H. N. Barham, Jr., sought to recover $35,000 damages for deprivation of the companionship, counsel, and services of his wife, Mrs. H. N. Barham, Jr. The court, in its charge, instructed the jury in determining the pecuniary loss to Mr. Barham, Jr. that they might consider such loss, if any, by way of contributions, services, counsel, and advice; but they were not to consider any sorrow, anguish, and grief suffered by the husband. We think if the court had charged the jury that in assessing damages they should take into consideration only the pecuniary benefits, if any, Mr. Barham, Jr. would have received from Mrs. Barham, Jr. had she not been killed, that it would have been sufficient. But, when the court attempted to give certain things that the jury should consider and also designated certain things the jury should not consider, and where the appellees were seeking to recover for companionship, and such recovery could not be had, the court should have instructed the jury, and especially when the appellants requested the court to so charge, that the jury should not consider the loss of companionship. There can be no recovery for the loss of companionship suffered by Mr. Barham, Jr., and his three children, on the account of the death of Mrs. Barham, Jr. Texas & P. R. Co. v. Riley, Tex.Civ.App., 183 S.W.2d 991 (writ refused); Hines v. Mills, Tex.Civ.App., 218 S.W. 777 (writ dismissed).

As we see this case, no better statement can be given than that expressed by Judge Gaines of the Supreme Court in the case of International & G. N. R. Co. v. McVey, 99 Tex. 28, 87 S.W. 328, 329, where he said:

"The charge under consideration is as follows: 'If you find from the evidence and under the charges of the court for the plaintiffs, you will assess their recovery of damage at such amount, if paid now, fully compensate them for the actual damages, if any, sustained by them, as shown by the evidence, and such as is fairly proportioned to the injury sustained, if any; but you will not allow the plaintiffs anything by way of solace for the death of said Edward McVey, or for any sorrow or anguish suffered by them as result of such death.' Our statute which gives a right of recovery for injuries resulting in death provides, among other things, that 'the jury may give such damages as they may think proportioned to the injury resulting from such death; and the amount so recovered shall be divided among the persons entitled to the benefit of the action, or such of them as shall then be alive, in such shares as the jury shall find by their verdict.' Rev.St.1895, art. 3027 [now Vernon's Ann.Civ.St. art. 4677]. There could hardly be a statute more vague in its terms than this. It is, however, settled by our decisions, that the damages which may be recovered under the statute are such pecuniary benefits as the plaintiff had a reasonable expectation of receiving from the deceased had he lived. City of Galveston v. Barbour, 62 Tex. 172, 50 Am. Rep. 519. By pecuniary benefits is meant not only money, but everything that can be valued in money, and includes, in case of a minor child who is suing for the death of a parent, the reasonable value of such nurture, care, and education as the child would have received from the deceased parent had such parent lived. But neither sorrow for the death of the deceased relative (Houston City St. Ry. Co. v. Sciacca, 80 Tex. 350, 16 S.W. 31) nor the loss of his or her society (Taylor, B. & H. Ry. Co. v. Warner, 84 Tex. 122, 19

S.W. 449, 20 S.W. 823) are recoverable in such cases. Now, we think it apparent that in the absence of some instructions, in a charge of this character, as to the damages which were to be estimated and as to those which were to be excluded, a jury would be likely to give compensation both for the grief and the loss of society caused by the death. In the case of the Galveston, Harrisburg & San Antonio Railway Company v. Worthy, 87 Tex. 459, 29 S.W. 376, the trial court charged the jury upon the measure of damages as follows: 'In case you find for plaintiffs, you may give them such damages as you may think proportioned to the injury resulting to plaintiffs from the death of H. C. Worthy,' etc. This charge was held to be erroneous, not for the reason that it directly announced any incorrect proposition of law, but because it did not go further, and instruct the jury that it was only pecuniary damages which could be allowed; that is to say, as we understand, only compensation for pecuniary loss, or the loss of something the value of which is ordinarily capable of being estimated in money. The instruction in this case does, as that in [Galveston, Harrisburg & San Antonio] Railway Company v. Worthy, supra, stop with telling the jury that they 'may give such damages as they may think proportioned to the injury,' but goes further, and instructs them not to allow anything 'by way of solace,' or for 'any sorrow or anguish suffered by them as a result of' the death. This instruction, as we construe it, means merely to exclude a recovery by the plaintiffs of any compensation for the grief caused by the death of the husband and father. It does not exclude compensation for the loss of the society of companionship of the deceased, which, in the opinion of some, if not all, of the jurors, may have constituted the most serious injury to the wife at least.

Such being the case, to exclude one im-- proper element of the damages and not to exclude another tends rather to aggravate than to alleviate the tendency of the charge to mislead. 'The mention of one thing is the exclusion of another,' is a rule in the construction of written instruments. It is no less a rule of common sense, and one which suggests itself to the ordinary mind, when construing language, either written or spoken, to which it is applicable. For example, let us suppose that during the deliberation of the jury in this case a suggestion had been made as to giving compensation for the grief of the plaintiffs on account of the death of their relative, the answer would have been that the court had instructed the jury not to give damages on that account. Had the loss of society next been suggested, the answer would have been as ready and as conclusive that the court had not excluded that matter by its charge, and therefore the jury should consider and include damages, if any, on that score. We are of opinion, therefore, that the instruction under consideration was misleading; and we think also, by reason of its lack of proper limitations as to the elements of damages which the plaintiffs were entitled to recover, it probably led to the verdict in the case—a verdict seemingly excessive in amount, and certainly, under all the circumstances of the case, unprecedentedly large."

To the same effect are the cases of Hines v. Kelley, Tex.Com.App., 252 S.W. 1033, adopted as the opinion of the Supreme Court; Hemsell v. Summers, Tex.Civ.App., 138 S.W.2d 865; Ft. Worth & Denver City Ry. Co. v. Bozeman, Tex.Civ.App., 135 S.W.2d 275 (writ dismissed, judgment correct).

Especially, since appellees sought damages for the loss of companionship, which they were not entitled to recover, and the trial court attempted to instruct the jury what it should not consider, we think the court committed a reversible error in refusing to instruct the jury not to consider loss of companionship, and we sustain appellants' assignments designated as Group 3.

■■ Appellants present their points of error 10 through 15 as Group 4, all of which deal with the action of the trial court in refusing to submit the appellants' defensive theory concerning the question of joint enterprise. Appellants pleaded joint enterprise between Mrs. Barham, Sr. and Mrs. Barham, Jr., and requested the trial court to give their requested Special Issue No. 7, inquiring if they were engaged in a joint enterprise as the term was defined. Appellants also tendered to the court their requested instruction as to what constituted a joint enterprise, which was as follows:

"Occupants of a vehicle are engaged in a joint enterprise when they have a mutual interest in the object and purpose of the trip, and an equal right express or implied to direct and control the other in the operation of the vehicle."

Appellants asked special issues as to the negligence of Mrs. Barham, Sr., which naturally would have been imputed to Mrs. Barham, Jr. if they were engaged in a joint enterprise. It has been definitely determined that a defendant is entitled to an affirmative submission of his defensive issue that is supported by the pleadings and the evidence. It was held in the case of El Paso Electric Co. v. Leeper, Tex.Civ.App., 42 S.W.2d 863, that the evidence was sufficient to justify submission to the jury on the question of joint enterprise, and the jury found that they were not on a joint enterprise. The facts were that a Mrs. Wallace let her daughter and Lieut. Nutter, the daughter's date, have her car to go to a dance. Lieut. Nutter was driving the car and the daughter had nothing to do with the driving of the car. The case was appealed to the Supreme Court and the judgment of the trial court and also the Court of Civil Appeals was reversed, Tex.Com.App., 60 S.W.2d 187, and held that if a fact question

arose the judgment should be affirmed—thereby holding if a fact question arose as to joint enterprise it should be passed upon by the jury. But then held that the verdict of the jury finding Lieut. Nutter and Miss Leeper were not engaged in a joint enterprise was without support in the evidence, and held as a matter of law they were engaged in a joint enterprise.

The facts of this case are that Mr. and Mrs. Barham, Sr. owned a car and Mr. and Mrs. Barham, Jr. owned a car. Both of the Barham men worked for the same company and on the day of the accident in question the two men took the Barham, Jr. car and went down to their employer's plant to do some work and left the Barham, Sr. car for the two Barham ladies to ride in or do anything they wanted to do. That afternoon they mutually agreed to go for a ride and to look at some houses. Mrs. Barham, Sr. was driving the automobile and Mrs. Barham, Jr. was telling Mrs. Barham, Sr. where the houses were, the direction to go and how to go, and thereby directed her to go upon the street where the collision took place.

We are of the opinion that there are more facts in this case to show that Mrs. Barham, Jr. had as much or more right to joint control of the car in question as Miss Leeper did in the case above cited. The Leeper case has been cited and approved as the law in this State by our Supreme Court in the case of Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65. If there is sufficient evidence as to joint enterprise, the issue should be submitted to the jury, Buss v. Robison, Tex.Civ.App., 255 S.W.2d 339 (NRE). We think the trial court erred in not submitting the special issues and charge of appellant concerning the question of joint enterprise, and sustain appellants' assignments of Group 4.

■■ Under appellants' Group Assignment 5, they complain of the action of the trial court in refusing to submit to the jury, appellants' requested issues inquiring whether Mrs. Barham, Sr. did or failed to do certain acts, and whether such acts were the sole proximate cause of the accident, because appellants had a right to an unconditional submission of such issues. As to this particular question, the trial court asked this special issue, "Do you find from a preponderance of the evidence that immediately before the collision the Rook car driven by Lela Frances Rook was approaching the intersection in question so closely as to *consitute* an immediate hazard?" The jury answered "No." We are unable to see any facts in this record to justify any such answer. The physical facts are to the contrary as the collision actually took place and proved it was an immediate hazard. The record shows that the Rook car was going east when they decided to take some Coca Cola bottles back to where they had purchased the Coca Cola, and they then made a U-turn on Utica Street, which is the first street east of Vernon Street. After making the U-turn the Rook car was going west on Fifth Street. Mrs. Barham, Sr. drove up to the stop sign and stopped and looked to the west and then looked to the east and when she looked to the east, she saw the Rook car and another car coming from the east going west and they were side by side, and Mrs. Barham, Sr. could not tell anything about the speed of the two cars. It is true Mr. Ross testified the Rook car passed him just before he reached Utica Street, but from the undisputed record, he was bound to be mistaken as to where she passed him. Mr. Ross also stated the Rook car was about in front of the Ward Store when Mrs. Barham, Sr., started the car, which by actual measurement was 130 feet. Mrs. Simpson stated she was going 25 to 30 miles an hour, and Mr. Ross testified he was going 30 miles per hour and that Mrs. Simpson passed him. If that be true she was bound to have been going more than 30 miles per hour. Mrs. Barham, Sr. testified while she was stopped, she first looked to the west and then looked to the east and when she looked to the east she saw the two cars coming, going west, and then she looked back to the west again before she started. The Rook car was in

motion all the time from the time it was seen until Mrs. Barham, Sr. looked back to the west and then started her car and drove across Fifth Street. We mention these facts in connection with the contention of appellants' request to have their affirmative defense as to whether the acts of Mrs. Barham, Sr. were the sole proximate cause of the collision and resulting damages. The way the questions were submitted in asking the jury the question above mentioned as to immediate hazard, the next questions were based solely upon the question being answered that there was no immediate hazard, and consequently, the appellants were deprived of having the affirmative defense as to sole proximate cause answered, and it was never answered by the jury. There is nothing to indicate in Special Issues 15 or 16 anything concerning whether Mrs. Barham, Sr. was proceeding cautiously after entering into the intersection.

Judge Hickman stated in Schuhmacher Co. v. Holcomb, 142 Tex. 332, 177 S.W.2d 951, 953, as follows: "One of the grounds upon which the Court of Civil Appeals based its ruling that there was no error in refusing to submit the requested special issues was that the issues of sole proximate cause were but negative issues, since the jury had already found that positive acts of negligence on the part of the driver of the truck caused the collision. We are not in agreement with that holding. The conditions as they existed at the time the charge was given and not after the verdict control. A defendant is entitled to an affirmative submission of his defensive issues and a finding on issues submitted is not a finding on issues not submitted. Colorado & S. R. Co. v. Rowe, Tex.Com.App., 238 S.W. 908; Montrief & Montrief v. Bragg, Tex.Com.App., 2 S.W.2d 276; 41 Tex.Jur. p. 1115 et seq., Sec. 280."

In the case of Montgomery v. Gay, Tex.Civ.App., 212 S.W.2d 941, 944, it is stated:

"The defendant is entitled to have a submission of affirmative issues even though the issues submitted upon the plaintiff's theory of the case may by implication negative such defensive issues. It is not sufficient to say that the findings of plaintiff's issues submitted could amount to a finding on the defensive issues which were neither submitted or if submitted were not allowed to be answered by the jury. The error is committed at the time of the submission and not after the findings of the jury have been determined and tabulated, and as stated by the Commission of Appeals in Greer v. Thaman, Tex.Com.App., 55 S.W.2d 519, and quoted by 41 Tex.Jur., p. 1118, 'in order to accord each party a fair trial, our rules require that the theories of each party be directly submitted where raised by the evidence, and this right cannot be lost or defeated by jury findings on other issues, which, in effect, indirectly negative a favorable finding on an issue not submitted, but raised by the evidence.' Adams v. Corder, Tex.Civ.App., 205 S.W.2d 608; Dixie Motor Coach Corp. v. Galvan, Tex.Com.App., [126 Tex. 109] 86 S.W.2d 633; Hargrave v. Texas & P. R. Co., Tex.Com.App., 12 S.W.2d 1009; Schuhmacher Co. v. Holcomb, 142 Tex. 332, 177 S.W.2d 951; Texas Employers Ins. Ass'n v. Patterson, 144 Tex. 573, 192 S.W.2d 255; Texas Indemnity Ins. Co. v. Thibodeaux, 129 Tex. 655, 106 S.W.2d 268; Traders & General Ins. Co. v. Lincecum, Tex.Civ.App., 126 S.W.2d 692; Traders & General Ins. Co. v. Shanks, Tex.Civ.App., 83 S.W.2d 781, writ refused.

"Appellant had a right to have her affirmative defensive issues submitted and passed upon by the jury, even though the jury's answers might have conflicted with their answers to other issues. Singer Iron & Steel Co. v. Republic Iron & Metal Co., Tex.Civ.App., 80 S.W.2d 1037."

We sustain appellants' Group Assignment 5.

Since we think this case should be remanded for another trial, we will not pass upon points presented as to the argument of counsel as to the appellants' pleading being drawn away off or about the hole in Mrs. Barham's head as surely such would not be repeated in another trial, and especially since there was no evidence upon which to base such remarks. Neither do we think it is necessary to pass upon other points raised on this appeal. Judgment of the trial court reversed and cause remanded for a new trial.